## HALL *vs.* MATTHEWS *et al.*

1. Where a homestead was taken by a man as head of a family including not only his wife but also a minor female grandchild who lived with him and was dependent on him, the death of the wife did not terminate the homestead estate, but it continued so long as the minor grandchild remained so dependent.

(*a.*) A deed by the head of a family as an individual, purporting to convey land covered by a homestead, carried no title to the purchaser ; nor could a recovery against the grantee as an individual be had thereon ; pending the homestead estate to eject the head of the family would destroy the full enjoyment of the homestead by the members thereof.

2. The making of a deed to homestead property by the head of a family as an individual, did not estop him from resisting, in his representative character on behalf of the beneficiaries of the homestead, an ejectment suit founded on such deed.

Homestead. Title. Ejectment. Estoppel. Before Judge WILLIS. Talbot Superior Court. September Term, 1881.

Little *et al.* brought complaint for land against Hall. Their title rested on a deed made by Hall and his wife to them in March, 1878.

Defendant insisted that the deed conveyed no title, and was a mere security for a debt. He offered an equitable plea alleging these facts, and praying that the land be sold, the debt paid, and the balance of proceeds paid to him. The court struck the plea. Defendant then put in evidence the records of the court of ordinary, showing that Hall had applied in 1873 for a homestead. The application stated that he was "the head of a family; that his family consists of himself, his wife, Nancy Hall, and a grandchild about five years old, and several colored persons he has employed to work on his farm for the present year." Upon this application, the land in controversy was set apart as a homestead, and so remained at the time the deed was made to plaintiff.

The grandchild was a girl, whose father had deserted his family, and who was and had been nearly all her life dependent on her grandfather. It was admitted that at the time of making the deed, defendant's wife, Nancy Hall, was insane. She died shortly after delivery of deed to plaintiffs.

The court instructed the jury that upon the death of Mrs. Hall the property reverted to Hall, and that although the deed made to plaintiffs was not good when made, yet upon the death of Mrs. Hall and the reversion as above stated taking place, it enured to the benefit of plaintiffs.

The jury found for the plaintiffs. Defendant moved for a new trial on the following among other grounds:

(1.) Because the ruling just above stated was error.

(2.) Because the court erred in sustaining the demurrer to the special plea of defendant.

(3.) Because the verdict was contrary to law and the evidence.

The motion was overruled, and defendant excepted.

E. H. WORRILL & SON; MARION BETHUNE; J. H. LUMPKIN, for plaintiff in erro

J. M. MATHEWS; SMITH & LITTLE; M. H. BLAND-FORD, for defendants.

JACKSON, Chief Justice.

1. We think that the court erred in ruling that the homestead estate of the defendant ended upon the death of his wife. The grandchild dependent on him and raised by him from a babe, on the death of his daughter, is only thirteen years old now, and a beneficiary of the homestead as well as his wife; and while she lived, certainly as long as her minority and dependence upon him continued, the homestead estate continued. The title to it did not pass out of him as the head of the family, and no recovery can be had against him individually; because the effect of his ejection from the land would be to destroy the homestead of the infant and dependent granddaughter. Her father was in Texas, and dead to her. 63 *Ga.*, 22; 61 *Ib.*, 154; 60 *Ib.*, 650; 59 *Ib.*, 330, 629; 56 *Ib.*, 390; 41 *Ib.*, 153.

This view of the case will control it, and makes it un-necessary to consider the error assigned on striking the plea.

2. The fact that Hall in his individual capacity signed the deed to the plaintiffs did not estop him from defending the title in his character as head of a family on behalf of the beneficiaries of the homestead. To so hold, would

be practically to destroy the homestead, and to uphold the bare right thereto for the benefit of the minor, and at the same time to prevent its protection through the usual and natural channel, the head of the family.

Judgment reversed.