LOVE *et al. v.* ANDERSON, administrator.

1. A homestead set apart March 26th, 1877, under the constitution of 1868, for the benefit of a wife and minor children, was not subject to alienation by the husband to the wife any more than to any one else without an order of the judge of the superior court for reinvestment, as prescribed in the act of February 26th, 1876. Code, ?2025. This was true although at the time of the attempted alienation the wife was the sole beneficiary of the homestead, the minor children having then attained their majority.
2. The wife, after the death of the husband, having continued to enjoy the benefit of the homestead up to the time of her own death, was neither entitled to dower nor to a child's part, and at her death the property reverted to the husband's estate; and she having left no child, it descended, by virtue of the act above referred to (Code, ?2024), exclusively to the children of the husband by a former wife. *Judgment affirmed. On cross-bill of exceptions, reversed.* May 2, 1892. By two Justices.

Homestead.   Husband and wife.   Dower.   Before Judge MARSHALL J. CLARKE.   Fulton superior court. September term, 1891.

Petition by Anderson, administrator, for direction, etc.   The case was tried before the judge without a jury. It was agreed that the facts were as follows: Jordan Love died in January, 1888.   Plaintiff was appointed his administrator in August, 1889.   Deceased's whole estate consisted of a house and lot in Atlanta.   This property, on March 26, 1877, upon petition of Miranda Love, wife of Jordan Love, was set apart ·as a home-

stead for the benefit of herself and Willis and Anna
Love, two minor children of Jordan by a former mar-
riage, Willis being then sixteen years old and Anna
fourteen.   On May 4, 1887, Jordan Love executed and
delivered to his wife a deed conveying to her in fee
simple the house and lot, the consideration recited in
the deed being $10.   Miranda died about six months
after her husband's death.   The administrator regularly
sold the property in November, 1889, executing to the
purchaser the usual conveyance.   The purchase money
received was $1,900, of which he has paid out several
amounts for the estate, approved by all the parties to
this suit.   The remainder of the fund is the subject of
controversy between the heirs of Jordan Love, to wit
Anna and Willis Love, and the heirs of Miranda Love,
to wit her mother, her brother and two sisters.   As
stated in the opinion of the court below, the two chil-
dren of Jordan Love contended that the deed from him
to his wife is void, because the property embraced in it
was then the subject of a homestead and could not be
alienated, and as a consequence the title to the property
was in Jordan to the moment of his death, and there-
upon immediately descended to his heirs.   As stated in
their answer, they contended that Miranda Love, hav-
ing by operation of law a conditional life-estate vested
in her in the use of the homestead property, of which
the death of her husband did not deprive her and which
still remained a homestead until her death, she never
having married or done anything to put an end to said
homestead and life-estate, at the instant of her death
and not until then the fee of the property reverted to
the estate of Jordan Love, and they, his children, were
then the sole heirs at law of said Jordan ; and that the
deed was void for gross inadequacy of consideration and
fraud, etc.   The heirs of Miranda contended that the
deed is valid notwithstanding the homestead, and that

she died the owner of the property, and they, as her heirs, are entitled to the same. The court held that the deed was void, because made during the existence of the homestead, and that the title to the property was in Jordan up to his death and thereupon descended immediately to his heirs; and decreed that the fund in question be distributed, one third to Willis, one third to Anna Love, and the remainder in equal proportions to the heirs of Miranda. To this decision the heirs of Miranda " and also Willis Love and Anna Love, coplaintiffs in error, being made so by the said codefendants," excepted, and alleged that the court erred in so decreeing, and in not decreeing that the heirs of Miranda should receive the entire fund remaining in the hands of the administrator, and in adjudging the deed to be void. The heirs of Jordan Love " and also Jeff Erwin, Matilda Simmons, Sarah Ann Hill and Matilda Davis (heirs of Miranda), coplaintiffs in error in this cross-bill of exceptions, being made so by said codefendants," excepted, and alleged that the court erred in making the decree, and in not decreeing that Willis and Anna Love should receive each one half of the amount remaining in the hands of the administrator.

JOHN M. SLATON, for plaintiffs in error.

GEORGE S. THOMAS, GEORGE HILLYER and S. N. CONNALLY, for plaintiffs in error in cross-bill.

PORTER KING, for the administrator.