## TOWNS *et al. v.* MATHEWS *et al.*

1. Where one of the coplaintiffs was described in the declaration as "James M. Smith," an amendment striking out that name and inserting "Florida Smith," was not objectionable on the ground that it did not allege "that James M. Smith at his death did not owe any debts."

2. If the purpose of the amendment was to make Mrs. Smith a party plaintiff in lieu of her deceased husband James M. Smith, because, as his widow and sole heir, she had the right to sue for and recover his estate, and was consequently entitled as his legal representative to be made a party in his stead, the declaration should not, as to parties, have been amended at all, but she should have been made a party to the case by an order of court reciting the death of the husband pending the action, that she was his widow and sole heir, and that he owed no debts or that they had been paid.

3. The evidence did not support the declaration as amended, because it failed to show any title in Mrs. Smith at the commencement of the action; indeed, it showed no title in her at any time, for it failed to disclose that she was the widow of James M. Smith, or that he was dead. As title was not shown in all of the joint plaintiffs, none of them could recover.

4. A homestead set apart in 1873 by the head of a family for the benefit of his wife and a minor granddaughter, terminated on the arrival at majority of the granddaughter, the family having been previously dissolved by the death of both the other members. The condition of the granddaughter as a dependent female would not extend the duration of the homestead, the person on whom she was dependent being no longer in life.

5. A deed conveying the homestead property to a third person, made by the husband and wife, without an order of court, while the homestead estate was in existence, though void as to the homestead right or any subsisting interest of any person therein, is, after the

termination of the homestead, valid as to a former beneficiary whose interest has expired and who claims as a beneficiary only.

April 17, 1893. Argued at the last term.

Before Judge MILLER. Talbot superior court. March term, 1892.

MARION BETHUNE and J. H. WORRILL, for plaintiffs in error.

J. M. MATHEWS and C. J. THORNTON, contra.

LUMPKIN, Justice.

1. An action for the recovery of land was brought by J. M. Mathews and Smith & Little, a partnership composed of James M. Smith and W. A. Little, against Emma Towns and another. The bill of exceptions states that the declaration was amended "by making Florida W. Smith, wife of James M. Smith deceased, and his sole heir, party plaintiff." The amendment itself, which was specified as material, and is in the record, recites that the declaration is amended "by striking from said declaration the name of James M. Smith wherever it occurs, and inserting the name of Florida Smith in its stead." This amendment was objected to on the ground that it did not allege "that James M. Smith at his death did not owe any debts." It does not appear that at the trial the fact that Mrs. Smith was the widow and sole heir of James M. Smith was disclosed, or in any manner made known to the court. It may be perfectly true that such was the fact, but there is nothing to show that the court acted with knowledge of its existence. But for the statement in the bill of exceptions, the amendment would be inexplicable, and the objection to it utterly obscure and entirely foreign to the matter in hand. Whatever valid reason might have been urged against the amendment as offered, it is quite certain that the one made presented at the time no ground either for disallowing the amendment or for doing or not doing anything else. The objection to the

amendment recited that James M. Smith had died, but did not disclose the relationship existing between himself and Florida W. Smith, and these things are not elsewhere shown except as above stated. Consequently, neither the fact that James M. Smith had died, nor his financial condition at the time of his death, had, so far as matters appeared at the trial, any apparent connection with the question as to whether or not the amendment offered was allowable.

2. We gathered from the argument that the real purpose of the amendment was to substitute Mrs. Smith as a party plaintiff in place of her deceased husband, upon the idea that this could be done without administration on his estate, on the ground that she, as his widow and sole heir at law, had the right to sue for and recover his estate as his legal representative under the provisions of section 1762 of the code, as amended by the act of December 12, 1882 (Acts of 1882–3, p. 47). If this was the purpose of the amendment, the declaration as to parties should not have been amended at all, but an order should have been passed reciting the death of the husband pending the action; that Mrs. Smith was his widow and sole heir at law; that at the time of his decease he owed no debts, or that all his debts had been paid; and making her a party in his stead. It requires no argument to show that this would have been the proper procedure.

3. The amendment, however, was allowed, the objection which was made to it not having been well taken. The evidence did not support the declaration as amended. It absolutely failed to show any title in Mrs. Smith at the commencement of the action or at any time thereafter, for there was not a particle of proof that she was in fact the widow of James M. Smith, or even that he was dead. The declaration as amended being a joint complaint in favor of Mathews, Little and Mrs. Smith,

and the evidence not showing title in all the plaintiffs, none of them, according to the well settled rules of law applicable, were entitled to recover. *De Vaughn et al.* v. *McLeroy*, 82 *Ga.* 689, 713; *Lowe et al.* v. *Suggs*, 87 *Ga.* 577.

4. The defendant Emma Towns was the granddaughter of William and Nancy Hall, and claimed as a beneficiary under a homestead set apart upon the application of her grandfather in 1873. In *Hall* v. *Mathews et al.*, 68 *Ga.* 490, it was held that the death of Mrs. Hall did not terminate the homestead estate, but that it continued so long as the minor grandchild remained dependent upon her grandfather. Subsequently, Mr. Hall died, and the granddaughter arrived at her majority. In our opinion, the homestead was then terminated. Its duration could not be extended under these circumstances by the mere fact that the granddaughter continued to be a dependent female. *Neal* v. *Brockhan*, 87 *Ga.* 130, 13 S. E. Rep. 283; *Vornberg & Co.* v. *Owens*, 88 *Ga.* 237, 14 S. E. Rep. 562; *Tate et al.* v. *Goff*, 89 *Ga.* 184, 15 S. E. Rep. 30. The general fact of dependency alone would not be sufficient to keep the homestead in existence, because it has to be a dependency upon some person in life entitled, because of such dependency, to take a homestead. This case differs from that of a widow who, by reason of her widowhood alone, remains a beneficiary of the homestead. No such right belongs, after her majority, to a dependent female who was entitled to be a beneficiary because of the homestead having being granted to the applicant for the reason that the female was dependent on him, and not for her own sake. Moreover, there can be no state of dependency upon *a person*, after that person is dead.

5. In *Hall* v. *Mathews et al.*, *supra*, it was held that: "A deed by the head of a family as an individual, purporting to convey land covered by a homestead, carried

no title to the purchaser; nor could a recovery against the grantee as an individual be had thereon; pending the homestead estate, to eject the head of the family would destroy the full enjoyment of the homestead by the members thereof." The policy of our law is to keep the homestead intact during the time it may legally and constitutionally exist; and consequently, conveyances by the head of the family, without an order of court, are inoperative to affect in any manner the *status* of the property, or the homestead right itself, while the homestead estate is still in existence; and such conveyances are void as to the subsisting interest of any beneficiary of the homestead. The same principle was ruled in *Hart* v. *Evans*, 80 *Ga.* 330. This court has never ruled to the contrary. But after the homestead has terminated, and the interest of a former beneficiary thereof has expired, we see no reason why conveyances for value, or perhaps voluntary conveyances, should not be valid as against one who can no longer rightfully claim to be a beneficiary, and who asserts no right by reason of any other connection with the title, or as one in whom the property covered by the homestead (treating the homestead as having expired) is vested by operation of law. In *Love et al.* v. *Anderson*, 89 *Ga.* 612, 16 S. E. Rep. 68, it was ruled that the interest of a beneficiary in the homestead could not be terminated or enlarged by a voluntary conveyance from the head of the family. As to what would be the rights of the defendant Emma Towns, or those holding under her, upon a claim of title other than as a beneficiary of the homestead, no question is presented by the record for adjudication, and consequently nothing we might rule upon the subject would be of any binding force. Upon the whole, we think the case should be tried again, when all the pertinent questions, both of law and fact, affecting the rights of the parties on both sides, may be duly considered and passed upon.      *Judgment reversed.*