WORRILL & LITTLE, for plaintiff in error.
McNEILL & LEVY, *contra.*

---

## JACKSON *et al. v.* MILES *et al.*

In an action in a city court against certain persons described as trustees of a given church, but not setting forth or describing any property as belonging to the defendants or the church, the court has no power to adjudge or decree that the debt recovered should be levied and collected out of specific realty.  *Judgment affirmed.*

April 9, 1894.  Argued at the last term.

Petition for injunction.  Before Judge BUTT.  Muscogee county.  July 6, 1893.

Mollie Jackson, widow and sole heir of O. H. Jackson (on whose estate there was no administration), brought

suit in the city court of Columbus against M. Miles and four others named as trustees of Shady Grove Baptist Church, upon an account for balance due Jackson for salary as pastor for 1890. The declaration contained no averment other than as usual in suits in short form on open accounts, and made no reference to any realty or other property. Defendants pleaded not indebted. The jury found for the plaintiff the amount sued for. Upon this verdict judgment was entered, that plaintiff recover of defendants the sum so found, to be levied on a lot of realty, describing it. Execution following this judgment was issued and levied on the land so described, and the same was advertised for sale; whereupon a petition was brought by M. Miles and four others as deacons of said church, and by fifteen others as members of it, appearing in behalf of themselves and as representatives of a class of persons constituting the members of said church, too numerous to be made parties in their individual names, for perpetual injunction against enforcement of the execution upon the property described, and to vacate the levy. It was alleged, that the judgment was void for want of jurisdiction of the persons, if the judgment was to be construed as against the church or as a lien upon the property belonging to it; that the church was an unincorporated voluntary religious association, and a suit upon a demand against it could be maintained only against the individual members of it as copartners; that the persons named as defendants in the suit in the city court were not trustees against whom suit could be brought and a valid judgment obtained; that the suit was not against the members of the church as copartners, nor were they served nor did they appear and plead; that the proceedings and judgment were therefore void so far as the church was concerned, and the judgment was no lien on any of its property, and even if valid as against the defendants named in the

suit, it is void in so far as it recites that it is to be levied on the property therein described, because not authorized by the verdict, nor is it recited that said property is the property of the defendants, nor does it appear that they have any claim to the property; that the property was not liable to any contract, debt or obligation of the church; that the deacons as trustees were not empowered to enter into any contract that might ripen into a lien or incumbrance upon the property, and any contract by them was their mere personal undertaking so far as the trust estate was concerned, and could not bind it. Mollie Jackson answered, that her judgment was a good and valid lien on the property, and the city court had jurisdiction; that defendants therein were the proper representatives of the church organization, and were authorized to represent it in contracting with her husband for his services as minister of the church; and that the judgment bound not only the defendants to the suit but all others belonging to the congregation. The court granted the prayer of the petition, and defendants excepted.

D. L. PARMER and BLANDFORD & GRIMES, by C. J. THORNTON, for plaintiffs in error.

LITTLE, WIMBISH & WORRILL, contra.