## JACKSON *v.* MILES *et al.*

Where an ordinary action upon an open account in a city court against certain persons described as trustees of a named church (there being in the declaration no description of or reference to any realty) resulted in a general verdict for the plaintiff, upon which a judgment was entered against " the defendants, as trustees, as aforesaid," and also against a specified parcel of realty; and where, upon a proper petition filed in behalf of the church by its deacons and members, alleging that this realty belonged to the church, the judge of the superior court passed an order ·granting an interlocutory injunction restraining the sale of such realty under an execution based upon the judgment rendered by the city court, and this order was affirmed by the Supreme Court,—*Held:* 1. That upon the return of the *remittitur* from this court, there was no error in refusing to pass an order in effect vacating the verdict and judgment rendered in the city court and reinstating the original action for another trial in that court. 2. Nor was there any error in entering a judgment perpetually enjoining the execution in question from proceeding against the realty above mentioned, there being no issue of fact to be tried, and such injunction being the only lawful and proper result of the proceedings, so far as related to the sale of this realty.

June 1, 1896. By two Justices. Argued at the last term.

Equitable petition.    Before Judge Butt.    Muscogee superior court.    November term, 1894.

*Blandford & Grimes* and *D. L. Parmer*, for plaintiff in error.    *W. A. Wimbish* and *J. H. Worrill*, contra.

SIMMONS, Chief Justice.

When this case was here before (94 *Ga.* 484), it was held that the city court had "no power to adjudge or decree that the debt recovered should be collected out of specific realty," and that the judge of the superior court did not err in granting a restraining order against the plaintiff in execution and the sheriff, preventing them from selling the realty levied upon.    When the *remittitur* from this court was returned to the superior court, counsel for the plaintiff in execution made a motion to enter an order to the effect

that the case having been carried to the Supreme Court and the decision of the superior court having been affirmed, it was ordered and decreed that the verdict and judgment in favor of Mollie Jackson against the trustees of Shady Grove Baptist Church (naming them) be set aside and the execution thereon be quashed and the case in which the verdict and judgment were entered stand as if no verdict and judgment had been rendered therein. This motion was overruled, and Mollie Jackson excepted. There was no error in refusing to grant this motion. The verdict and judgment were had in the city court and not in the superior court; and the judgment was declared to be void only in so far as it adjudged or decreed that the debt should be levied and collected out of specific realty. The declaration in the original suit contained no averment that the realty was chargeable with the payment of the plaintiff's debt. It made no reference to it at all, but was an action upon an open account against certain persons as trustees of Shady Grove Church, and the verdict was in favor of the plaintiff for the amount sued for. On this verdict the plaintiff entered up the judgment complained of, creating a lien on the realty belonging to the church, and this we held she had no right to do. We think, therefore, that the judge was right in refusing to pass an order setting aside the judgment *in toto*, quashing the execution and in effect reinstating the case in the city court. The judgment being void only in part, the plaintiff could move in the city court to amend or vacate it as she might see proper.

After the court had refused to grant the motion above referred to, counsel for the plaintiffs in the equitable petition moved to make the interlocutory injunction permanent, and this motion was granted over the objection of counsel for the defendant therein. In this we think the court was right. It appearing that there was no issue of fact involved, it was the only lawful and proper result of the proceedings, so far as related to the sale of the realty.

It having been decided that the judgment in so far as it undertook to establish a lien on the realty was a nullity, nothing remained to be done but to perpetually enjoin the levy and sale under the execution.    *Judgment affirmed.*