## SUTTON *v.* ROSSER.

1. One who seeks under the constitution of 1877 to have an exemption on the ground that he or she has "the care and support of dependent females" must apply for the exemption out of his or her own property.

Neither a wife nor a widow can, under this clause of the constitution, exempt property belonging to the husband or his estate.

2. Were it otherwise, there can be no dependency on a person who is dead, and the homestead would not survive for a beneficiary coming under this clause of the constitution after the applicant for the homestead had ceased to live.

3. A homestead allowed to a widow out of her husband's estate for the benefit of herself and minor beneficiaries ceases when the widow dies and the minors arrive at majority.

4. Though a widow, in applying for a homestead out of her deceased husband's property, may include in the list of beneficiaries adult daughters, they do not become beneficiaries of the homestead, and, after the death of the widow and the arrival of the minor beneficiaries at age, the fact that such adult females were attempted to be included in the application does not render it a subsisting homestead.

Argued October 10, — Decided November 4, 1899.

. Levy and claim. Before Judge Spence. Meriwether superior court. August term, 1899.

*John W. Park* and *Park & Gerdine*, for plaintiff.
*McLaughlin & Jones*, contra.

LEWIS, J.  At the August term, 1879, of Meriwether superior court, John R. Jones obtained judgment against Nancy Rosser as the executrix of Asa Rosser, deceased. The fi. fa. issued upon this judgment was kept alive by proper entries thereon, and in 1897 was levied on a certain lot of land in Meriwether county as the property of the estate of Asa Rosser, deceased. Mrs. Nancy Rosser, the widow of the deceased, applied for and had set apart a homestead in this land as property of the estate of her deceased husband, claiming that she was the head of a family consisting of her single daughter Mattie Rosser, 31 years of age, her single daughter Emily, 28 years of age, and her two grandchildren aged respectively 18 and 19 years. In her petition for homestead she alleged that all the family were dependent on her for support, that she was an aged and infirm person 61 years of age, that she was the widow of Asa Rosser, and that the family were his children and grandchildren. The application was approved by the ordinary on March 5, 1897. At the time of the levy of plaintiff's execution upon this land the widow was not in life; all the minor beneficiaries had arrived

at age, and none were living on the place except Mattie Rosser, who was an adult when the homestead was set apart, and who filed a claim to the land levied upon. Upon these facts the court directed a verdict for the claimant. Plaintiff in fi. fa. assigns error on the judgment of the court below in overruling his motion for a new trial.

1. It was contended in behalf of claimant, that the homestead had not terminated when the levy was made, but that she was still a beneficiary thereof, and it was, therefore, not subject to levy and sale for the debts of her father, the original owner. One ground in the application for homestead by the widow in this case was that the beneficiaries named in her petition were dependent upon her for support. The constitution of 1877 (Civil Code, §5 912), and the act of the legislature passed in pursuance thereof (Civil Code, §§ 2827–8), did not contemplate a homestead or exemption for the benefit of dependent females, except in the property of the person upon whom they were dependent. In the present case the application for exemption on this account was not made by the owner of the land in which the homestead was sought. The land belonged to the estate of the applicant's deceased husband. Manifestly neither the constitution nor the statute intended to confer upon the widow such a right; for if it did, she would, under some circumstances, have the power to create a homestead encumbrance upon the property of her husband's estate in favor of dependent females who have no interest in the property as heirs, and thus deprive the heirs at law of their legal inheritance. In order for an adult person to be the beneficiary of a homestead solely upon the ground of being a dependent female, this dependency must be upon the person who owns the property sought to be exempted, and the application for such exemption must be made by the owner himself.

2. Were it otherwise than as above stated, we think there would be a necessary termination of the homestead upon the death of the person on whom the beneficiary was dependent; for the law contemplates a dependency for support, not on any particular property, but upon some particular person, and grants to such person the privilege of exempting his own prop-

erty for the charitable purpose of taking care of such dependent beneficiaries. From the very nature and purpose of the exemption, then, it can not last longer than the applicant lives. In the case of *Towns* v. *Mathews*, 91 *Ga.* 546, it was decided by this court that "A homestead set apart in 1873 by the head of a family for the benefit of his wife and a minor granddaughter terminated on the arrival at majority of the granddaughter, the family having been previously dissolved by the death of both the other members. The condition of the granddaughter as a dependent female would not extend the duration of the homestead, the person on whom she was dependent being no longer in life." On page 549 Lumpkin, Justice, in his opinion, distinguished that case from one of a widow who by reason of her widowhood alone remains beneficiary of the homestead. He says, "No such right belongs, after her majority, to a dependent female who was entitled to be a beneficiary because of the homestead having been granted to the applicant for the reason that the female was dependent on him, and not for her own sake. Moreover, there can be no state of dependency upon a *person* after that person is dead."

3. Another ground of the application seems to have been based upon the fact that the applicant was the widow of deceased, and also the head of the family consisting of the beneficiaries. There is no question about the fact that the widow is entitled to homestead and exemption out of her husband's estate for her own benefit, and also for the benefit of the family consisting of the minor heirs of the deceased. Such a homestead, however, is terminated upon the death of the widow and the arrival at age of the other beneficiaries. *Lee* v. *Hale*, 77 *Ga.* 1; *Vornberg* v. *Owens*, 88 *Ga.* 237.

4. It follows from the above, that while this homestead was no doubt valid during the lifetime of the widow and the minority of the grandchildren, the adult daughters, including the claimant in this case, derived no legal benefit from the homestead, and that if the object was also to set apart an exemption for their benefit during their dependency, the petition to the ordinary showed upon its face that he was without jurisdiction to grant such relief. It is contended by counsel for

the claimant that the homestead continues so long as any female for whose benefit it was set apart lives and remains single; and the case of *Gresham* v. *Johnson*, 70 *Ga.* 631, is relied on to sustain this contention. The expression of the court in that case, that "If females are members of a family for whose benefit the homestead is set apart, the property remains exempt from levy and sale so long as one of them lives and remains single," is purely obiter. It will be seen from a report of the facts in that case that when the exemption in question was made the family of the applicant consisted only of himself and one minor son. At the date of the levy of the execution the son had arrived at majority. It was there decided that the homestead was at an end, and subject to levy and sale. In that case no right of females as beneficiaries of the homestead was in any manner involved. The decision in *Hall* v. *Matthews*, 68 *Ga.* 490, is not at all in conflict with our ruling in this case. There a homestead was taken by one as head of a family consisting of his wife and a minor female grandchild, who lived with him and was dependent on him. It was simply decided that the death of the wife did not terminate the homestead estate, but it continued so long as the minor grandchild remained so dependent. A later case directly in point is *Vornberg* v. *Owens*, 88 *Ga.* 237, above cited. In that case a homestead was set apart to the head of a family consisting of himself and four minor children. The mother and father had died, and the children had arrived at age. The property was levied on under a fi. fa. against the head of the family, and was claimed by one of the children who was still living on the land and depending upon it for support. It was held by the court, that, after arriving at full age, the fact that she was still a dependent female would not extend the duration of the homestead estate beyond the death of the head of the family and his wife, and beyond the arrival at majority of all the children.

*Judgment reversed. All the Justices concurring.*