JACKSON *v.* GREEN *et al.*

Where suit was brought to recover a debt originally due to a man since deceased, the plaintiff claiming the right to recover under the Civil Code, §3355, par. 1, as the widow of the deceased on whose estate there was no administration, and whose debts she had paid; and where on the trial it appeared from her evidence that she had paid some of her husband's debts before bringing the suit and some afterwards, a nonsuit was properly granted.

Submitted May 19, — Decided June 14, 1905.

Complaint. Before Judge Willis. City court of Columbus. October 7, 1904.

Mollie Jackson brought suit against M. B. Green et al., trustees of Shady Grove Baptist church, on an open account for salary due to her deceased husband as pastor of the church. On the trial the plaintiff offered to amend her declaration, but the court overruled the motion. She testified to the indebtedness due to her husband as pastor of the church. As tending to show her right to bring the suit and recover, she testified as follows: "I am the plaintiff in this case, and the widow of Oliver H. Jackson, who was the pastor of Shady Grove Baptist Church for eleven years previous to his death, which occurred on the 26th day of October, 1890. . . Am the sole heir at law of my deceased husband, and was at the time of his death. I paid all the debts of my husband, most of them before this suit was brought, and some afterwards. . . All of my husband's debts were not paid before this suit was filed."

The court granted a nonsuit, and the plaintiff excepted.

*D. L. Parmer, T. W. Grimes,* and *Goetchius & Chappell,* for plaintiff. *Hatcher & Carson,* for defendants.

LUMPKIN, J. (After stating the facts.) This case has been twice before the Supreme Court. *Jackson* v. *Miles,* 94 *Ga.* 484; *Jackson* v. *Miles,* 98 *Ga.* 512. The record now before us makes no reference to the former adjudications, but is brought up as if it were here for the first time. Whether the court correctly rejected the amendment or not is immaterial, if a nonsuit was rightly granted because the plaintiff was not entitled to maintain the action. The Civil Code, §3355, par. 1, provides that "Upon the death of the husband, without lineal descendants, the wife is his sole heir, and upon the payment of his debts, if any, may

take possession of his estate, without administration." Prior to the act of December 12, 1882 (Acts 1882–3, p. 47) the code declared that "Upon the death of the husband, without lineal descendants, the wife is his sole heir." (Code of 1882, § 1762.) By that act the clause was added, "and upon the payment of his debts, if any, may take possession of his estate, without administration." As thus amended, the section of the code of 1882 quoted was codified with § 2484 of that code, so as to form a part of §3355· of the present Civil Code. Prior to the act of 1882 the law did not dispense with administration or vary the general rule that personalty vests in the administrator. There was a provision of this character in reference to the husband (Code of 1882, §1761), but not as to the wife. *Gouldsmith* v. *Coleman*, 57 *Ga.* 425–6. As to the section relating to the husband, see *McLaren* v. *Bradford*, 52 *Ga.* 648; *Conyers* v. *Bruce*, 109 *Ga.* 190. The right in a widow to dispense with administration and bring a suit on a debt which was due to her deceased husband being statutory, to exercise it she must comply with the statute. "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." Civil Code, §5160. As to when a widow may take possession of her deceased husband's estate without administration, see Civil Code, §3355, par. 1, supra; *McElhaney* v. *Crawford*, 96 *Ga.* 174; *Johnson* v. *Champion*, 88 *Ga.* 527; *Towns* v. *Mathews*, 91 *Ga.* 546. In *Moore* v. *Smith*, 121 *Ga.* 479, this principle was recognized in a case where the sole creditor of the deceased brought suit against his widow, not as executrix de son tort, but as being in possession of the property as sole heir without administration. In the decision it is said: "If the widow have notice of an existing debt of her husband's, she can not take possession of his estate; and if she does so she is a wrong-doer." (p. 482.) The right of the plaintiff to bring an action is generally determined by the status of such plaintiff at the time when the suit is brought; and if the plaintiff then has no title or right to sue, she can not acquire it afterwards and thus sustain the action. See *McElmurray* v. *Harris*, 117 *Ga.* 919; *Wright* v. *Jett*, 120 *Ga.* 995.

The plaintiff showed by her own evidence that at the time she brought the action she was not authorized to do so by section

3355 of the Civil Code. She produced evidence to show an indebtedness to her husband, but proved that she had no right to sue upon it when the action was brought. A nonsuit therefore resulted.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*