### GEORGIA PORTLAND CEMENT & SLATE COMPANY *et al. v.* JACKSON *et al.*

FISH, C. J. Eight persons brought an equitable action against a corporation and its officers, alleging that each of the petitioners was induced to purchase and pay for a given number of shares of stock of the corporation by reason of fraudulent misrepresentations (fully set forth) made, with intent to deceive petitioners, by the officers and authorized agents of the corporation. The relief prayed for was: (1) a receiver for the assets of the corporation and all of its books, papers, etc.; (2) an injunction restraining the officers of the corporation from "encumbering, transferring, or hypothecating" any of its assets until the termination of the suit; (3) judgments in favor of each of the petitioners for the amounts paid by them respectively for stock, with interest "against the corporation in so far as the same affects the land, or the fund arising from the sale thereof" (petitioners claiming that the money paid by them for stock was all that went towards paying for the land, title to which was taken in the name of the corporation); and (4) similar judgments for like amounts, with interest thereon, against each of the designated directors and officers of the corporation; "jointly and sev-

erally." *Held:* "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Civil Code, § 5477. See also Ib. §§ 5476, 5479. Accordingly, where, in a case of the character above stated, there were no allegations and proof of the insolvency of the corporation, nor of any danger that its assets (consisting solely of unimproved lands, rented out, by resolution passed in regular meeting by a large majority of the stockholders, for more than a sufficiency to pay taxes and other expenses) would deteriorate in value, nor that the claim of any of the petitioners was likely to be otherwise jeopardized before the termination of the action, it was error for the judge, in any view of the case, to appoint a receiver for the corporation and to grant an interlocutory injunction in accordance with the prayers of the petition.

*Judgment reversed. All the Justices concur.*
APRIL 16, 1913.

Injunction and receiver. Before Judge Bell. Fulton superior court. September 27, 1912.

*Hines & Jordan,* for plaintiffs in error.
*Mundy & Mundy,* contra.