FULLER v. ATLANTA NAT. BANK.

In re PHŒNIX PLANING MILL.

(Circuit Court of Appeals, Fifth Circuit. November 21, 1918.)

No. 3242.

1. MORTGAGES ☜29, 173—EQUITABLE MORTGAGE—ASSIGNMENT OF BOND FOR DEED.

Under Civ. Code Ga. 1910, § 3257, an assignment of a bond for title as security for a debt, which clearly expresses its purpose and specifies the debt and the property, is in legal effect a mortgage, and, to be effective against subsequent liens, must be recorded.

2. MORTGAGES ☜173—RIGHTS OF TRUSTEE—PRIORITY OF LIENS.

Under Civ. Code Ga. 1910, § 6038, as construed by the state Supreme Court, one holding land under bond for title has no leviable interest therein; but a judgment creditor, nevertheless, has a lien upon his interest which may be enforced as provided by the statute, and the debtor's trustee in bankruptcy, having the rights of a judgment creditor, has a lien which takes precedence of an unrecorded assignment of the bond.

Pardee, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

In the matter of the Phœnix Planing Mill, bankrupt. From an order awarding a fund in court to the Atlanta National Bank, William A. Fuller, trustee, appeals. Reversed.

J. H. Porter and Walter S. Dillon, both of Atlanta, Ga., for appellant.

Alex C. King, Jack J. Spalding, Hughes Spalding, Daniel MacDougald, Eugene Dodd, and Harry Dodd, all of Atlanta, Ga., for appellee.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

BATTS, Circuit Judge. Phœnix Planing Mill, December 22, 1909, purchased land in Atlanta from J. F. Leary, taking bond for title. On March 22, 1913, Phœnix Planing Mill assigned and delivered the bond for title to Lowry National Bank to secure debt. March 25,

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1913, it executed a second assignment (subject to the previous assignment) of the bond for title to the American National Bank to secure a debt. This assignment was delivered to the Lowry National Bank, to be attached to the bond for title. July 29, 1913, the bond for title and the first assignment were recorded. The second assignment was not recorded. Subsequently, the Phœnix Planing Mill becoming bankrupt, the trustee sold the land free from the claims of the vendor and the claims of the transferees of the bond for title. The claims of Leary and of the Lowry Bank were paid, and the controversy between the trustee and the Atlanta National Bank (successor to the American National Bank) is over the balance of the proceeds of the sale.

The trustee has the rights of a judgment creditor with a lien. These rights were fixed prior to a record of the assignment to secure debt to the Atlanta National Bank of the bond for title executed by Leary. There is no requirement in the Georgia law that a bond for title be recorded. Executed with certain formalities, its record is permitted. Sections 4213 and 4214, Civil Code of Georgia of 1910. The litigation, however, deals, not with the record of a bond for title, but with the failure to record the assignment of a bond for title; the assignment being made to secure debt.

The legal effect of an assignment to secure a debt of a bond for title is to create a mortgage. The mortgage results from and is evidenced by the assignment; the bond for title defines and limits the rights which the mortgagor has, and upon which he fixes a lien. That this interest is capable of being subjected to a mortgage is indicated by Owens v. Kenney, 146 Ga. 257, 91 S. E. 65, in which it is held that the grantor in a security deed has an interest which he may convey by deed, and by Wood v. Dozier, 142 Ga. 538, 83 S. E. 133, in which a distinction is made between a mortgage of the equity resulting from a security deed with bond for reconveyance, and a mortgage on the "entire interest or estate."

[1] The assignment under consideration names the parties, "clearly indicates the creation of a lien, specifies the debt to secure which it is given, and the property upon which it is to take effect," and must be held a mortgage. Civ. Code 1910, § 3257. A mortgage "shall, as against the interest of third parties acting in good faith without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time it is filed for record." If a judgment creditor could, by his judgment, or by judgment and any character of process, acquire on the property a lien superior to the lien of the unrecorded mortgage, the trustee in this case has a lien superior to that of the mortgagee holding under the unrecorded mortgage.

[2] Since the passage of an act in 1894 (section 6038, Civ. Code 1910) prescribing the procedure when the defendant in execution has an interest in, but not the legal title to, property, the ruling has been that one holding land under bond for title has no leviable interest therein. The interest of a grantor in a security deed, or of one holding bond for title, is not changed by the legislation. Shumate

v. McLendon, 120 Ga. 396, 48 S. E. 10. The rights of the judgment creditor would not appear to be affected, except as to the remedial procedure. Instead of sale of the property and application of proceeds to the extinction of the debt due the holder of the legal title, the statute requires that his "debt be paid before sale." Notwithstanding the statute, there may be circumstances under which a judgment creditor could have his rights enforced by levy and sale before title has become revested by redemption. V. C. Chemical Co. v. Rylee, 139 Ga. 668, 78 S. E. 27.

The change in procedure effected by this act apparently has no effect in creating or preventing a lien. This would seem to be definitely determined by O'Connor, Executrix, v. Georgia Railroad Bank, 121 Ga. 88, 48 S. E. 716, wherein it is held that:

"Regardless of the inability of A.'s creditors to levy on the equity of redemption, the lien of their judgments attached to his interest in the land from the date of rendition; * * * and the right of the creditors to subject the surplus realized under the sale under the security deed to the payment of their judgments was superior to the claim of the transferee of the bond to reconvey, whose interest was acquired subsequently to the date of their judgments."

It is clear that there may be a lien, notwithstanding the absence of a "leviable interest." To this effect also is Va. Car. Chemical Co. v. Rylee, 139 Ga. 668, 78 S. E. 27. The trustee has had, since the date of the bankruptcy, the status of a lien creditor. The transfer of the bond for title, being a mortgage, and not having been recorded prior to that date, is without effect in so far as his rights are concerned.

In this case the remedy of the statute is superseded by the remedies of the Bankruptcy Law. All liens against the property having precedence over the rights of the trustee have been discharged. Procedure under the statute requires that such liens be paid as may be required for placing the legal title in the defendant in execution. If a lien exists, payment of which is necessary to give legal title, but which is subordinate to the judgment lien, the judgment creditor would not, of course, be without a remedy.

The judgment is reversed, for proceedings to conform herewith. Reversed.

PARDEE, Circuit Judge (dissenting). Considering the facts and circumstances of this case, I have serious doubts as to whether this court has jurisdiction of this appeal.

The proceeding in the bankruptcy court was one for marshaling liens on property and funds within the custody of the court, administrative in character, in which there was no contest over the amount of any claim, and the only contest was as to the rank of the lien of the Atlanta National Bank, and therefore it seems to me that no appeal lies from the final decision of the court. The right to appeal must be found in section 25 of the Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. 1916, § 9609]), and, as that section has been construed by the courts, no appeal lies thereunder in administrative proceedings. In re Whitener, 105 Fed. 180, 44 C. C. A. 434; Coder, Trustee, v. Arts, 213 U. S. 223, 29 Sup. Ct.

436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Matter of the Petition of Loving, Trustee, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725.

If the court has jurisdiction in the case, I dissent from the reasoning and conclusion of my Brethren denying the lien of the Atlanta National Bank, because the same was not duly recorded. The question presented arises, and should be decided, under Georgia law, and under that law I think the decision in the lower court was correct. The reasoning and authorities are fully stated in the opinion of Judge Newman, found in the transcript, and I concur with him as to the conclusion reached.