Owens *v.* Oliver *et al.*

Fish, C. J.   1. "Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law." Civil Code, § 3929.   And upon his death intestate without lineal descendants, his wife is his sole heir, and upon the payment of his

debts, if any, may take possession of his estate without administration. Ib. § 3931 (1). In such circumstances she may maintain an action to recover land owned by her husband at his death. *Gatlin* v. *Peacock*, 135 *Ga.* 582 (69 S. E. 913).

2. Mrs. Emma Owens, in June, 1915, brought an equitable action against L. C. Oliver, S. H. Oliver, and G. W. Fetzer. The substance of the petition was to the following effect: Petitioner's husband, John Owens, died intestate, without lineal heirs, and seized and possessed of certain described lands; petitioner is his sole heir at law, has paid all his debts, with the possible exception of one which originally amounted to $225 and which her husband owed to L. C. and S. H. Oliver, to whom her husband, on December 11, 1906, conveyed the parcels of land in question to secure the payment of such indebtedness; the Olivers, upon the death of her husband, took possession of the lands, and on June 30, 1911, conveyed them by a quitclaim deed to G. W. Fetzer; petitioner has good reason to believe that most of ·the indebtedness was paid by her husband to the Olivers, and since his death the rents and profits of the land while in the possession of the defendants have been sufficient to pay all of such indebtedness, and, if not, petitioner is ready, willing, and able to pay any balance that may be due thereon, and makes tender of such payment; petitioner has repeatedly made inquiry of the defendants as to the amount of the indebtedness they claim to be still due, in order that she might pay the same, but they have at all times refused to give her the information sought; and there has never been administration on her husband's estate. The prayers were, for an accounting as to the amount paid on the indebtedness, and as to the rents and profits of the lands received by the defendants, and that upon the payment by petitioner of whatever amount, if any, should be found still due, the security deed be canceled. There were also prayers for general relief and process. The Olivers demurred to the petition, on the grounds that it set forth no cause of action against them, that it was not verified, and that petitioner had an adequate remedy at law. Fetzer demurred on the ground that the petition was not verified. Upon the hearing all the demurrers were sustained, and the petition was dismissed. *Held:* (1) The petition set forth a cause of action against all of the defendants. (2) No extraordinary relief was prayed, and therefore the petition was not required to be verified (Civil Code, § 5542). (3) And for the same reason the ground of demurrer that the plaintiff had an adequate remedy at law was without merit. *DeLacy* v. *Hurst*, 83 *Ga.* 223 (4, 5), 228, 232 (9 S. E. 1052).

*Judgment reversed. All the Justices concur.*

No. 978. JANUARY 15, 1919.

Equitable petition. Before Judge Sheppard. Effingham superior court. April 16, 1918.

*Pettie & Tucker,* for plaintiff.

*Saussy & Saussy* and *Gignilliat & Gignilliat,* for defendants.