## 15245. STONE *et al. v.* EDWARDS *et al.*

1. This case having first gone to the Supreme Court, its transfer by that court to this court is equivalent to a holding that the suit is one at law. *Whatley* v. *Cohen,* 24 *Ga. App.* 514 (101 S. E. 310).

2. If the individual defendants were only guarantors upon the bonds, the principal debtor could not be sued with them in the same action (*Musgrove* v. *Luther Pub. Co.,* 5 *Ga. App.* 279, 63 S. E. 52); but when the plaintiff, by amendment allowed, struck the principal debtor as a party. defendant, the demurrer upon the ground of a misjoinder of parties was satisfied. Civil Code (1910), § 5688; *DeLay* v. *Latimer,* 151 *Ga.* 367 (106 S. E. 901); *Whatley* v. *Cohen,* supra.

3. Assuming that the defendants were sued upon one obligation as sureties and upon others as guarantors, this did not make the petition bad for a misjoinder of causes of action. The liability in each instance which the plaintiffs sought to enforce was ex contractu, and all claims arising ex contractu between the *same parties* may be joined in the same action. Civil Code (1910), § 5521; *Warthen* v. *Brantley,* 5 *Ga.* 571 (2), 573; *Tygart* v. *Albritton,* 5 *Ga. App.* 412 (2) (63 S. E. 521); *Cason* v. *Tye,* 9 *Ga. App.* 325 (71 S. E. 593); *Chappell* v. *Western Railway,* 8 *Ga. App.* 787 (70 S. E. 208); *Mill Wood Co.* v. *Flint River Cypress Co.,* 16 *Ga. App.* 636 (6) (85 S. E. 943). The demurrer does not raise the question whether in a single count separate and distinct causes of action were set forth, irrespective of whether the petition would have been subject to special demurrer upon that ground.

4. The petition as amended did not fail to set forth a cause of action because the plaintiffs had not previously sued the principal debtor. *Nance*

v. *Winship Machine Co.*, 94 *Ga.* 649 (21 S. E. 901); *Fouché* v. *Cherokee National Bank*, 18 *Ga. App.* 569 (90 S. E. 102).

5. Irrespective of what may have been the rule at common law, it is not now the law of this State that debts due to a corporation are extinguished upon its dissolution. *Wheatley* v. *Glover*, 125 *Ga.* 710 (15) (54 S. E. 626); *White* v. *Davis*, 134 *Ga.* 274, 282 (67 S. E. 716); Civil Code (1910), § 2245 (Ga. L. 1855-6, p. 226).

6. Upon the dissolution of a corporation its assets, including choses in action, belong to the stockholders as tenants or owners in common, and are subject to their control, if all debts have been paid and no receiver has been appointed. In such a case, where all the stockholders are in unison as to the disposition of such assets, there is no necessity for the appointment of a receiver. They succeed to the legal title thereto, and an action by all of them upon choses in action which belonged to the corporation at the time of its dissolution is maintainable at law in their own names. Where the facts appear as indicated in this paragraph, the appointment of a receiver will not be presumed.

7. Applying the foregoing rulings, the petition was not subject to any ground of the demurrer, and the court erred in dismissing it.

DECIDED JULY 14, 1924.

Complaint; from Stephens superior court—Judge J. B. Jones. October 22, 1923.

*J. H. Davis & Son, B. F. Davis, Thad. L. Bynum,* for plaintiffs.

*George L. Goode, Charters, Wheeler & Lilly, Fermor Barrett,* for defendants.

BELL, J. The plaintiffs in this action alleged, that they were the only stockholders of a private corporation previously dissolved by the superior court according to law; that all debts of the corporation had been paid prior to its dissolution; that it was the owner, in possession at that time, of a note payable to it by another company as maker, upon which the two individuals sued had indorsed a guaranty of payment, and of two "gold bonds" payable to a banking company as trustee or to bearer, issued by the same principal debtor, payment of which was guaranteed by the same individual defendants. The principal debtor or the maker of the note and the bonds was made a party defendant in the original suit, but later was struck on motion of the plaintiffs, who alleged that that defendant was insolvent, and proposed to proceed against the two individual defendants only, for the purpose of recovering the amount alleged to be owing and past due upon the note and the bonds, of which it is alleged that the plaintiffs are now the owners of both the legal and equitable title.

Prior to the amendment to the petition one of the defendants

demurred to the suit, upon the grounds: (1) no cause of action set forth by plaintiffs, and plaintiffs are not entitled to maintain the suit; (2) misjoinder of causes of action, for that the individual defendants are sued on the note as sureties and on the bonds as guarantors; (3) misjoinder of parties defendant, in that the individual defendants, being guarantors, cannot be sued jointly with the principal debtor. The court sustained the demurrer, which was renewed after amendment to the petition, and the plaintiffs excepted. None of the rulings stated in the headnotes require elaboration, except that contained in headnote 6.

The estate of a dissolved corporation is in its legal aspects somewhat similar to that of a decedent who dies intestate. It is provided by the Civil Code, § 3929, that upon the death of the owner of any estate in realty the title vests immediately in his heirs at law, but the title to all other property owned by him vests in the administrator of his estate for the benefit of the heirs and the creditors. Under this section it has been many times held that the heirs at law may sue for the recovery of realty where there is no administrator, or if the administrator appointed consents thereto. Civil Code (1910), § 3933. This is so because the title vests in the heirs at law. Even where an administrator is appointed, he does not take the title, but only has a qualified right, to be exercised under the law, for the purpose of paying debts and distribution. Redfearn on Wills & Administration of Estates, 476; *Flint River &c. R. Co.* v. *Maples,* 10 *Ga. App.* 573 (3) (73 S. E. 957); *Bacon* v. *Howard,* 19 *Ga. App.* 660 (7) (91 S. E. 1066); *Johnson* v. *Hall,* 101 *Ga.* 687 (29 S. E. 37); *Collins* v. *Henry,* 155 *Ga.* 886, 889 (118 S. E. 729); *Weldon* v. *Weldon,* 152 *Ga.* 550 (110 S. E. 273); *Hoyt* v. *Ware,* 156 *Ga.* 98 (6) (118 S. E. 734). By reason of the provision of the Civil Code that the title to all other property than realty owned by the decedent vests in the administrator for the benefit of heirs and creditors, it has been held, on the other hand, that no suit can be maintained by heirs at law of an estate for the recovery of *personalty,* or upon choses in action owned by the decedent at the time of his death. *Hill* v. *Maffett,* 3 *Ga. App.* 89 (59 S. E. 325); *Denny* v. *Gardner,* 149 *Ga.* 42 (99 S. E. 27); *Wilson* v. *Brice,* 23 *Ga. App.* 734 (99 S. E. 385); *Buchholz* v. *Sapp,* 148 *Ga.* 352 (96 S. E. 858). And this is true even though it be alleged that the decedent owed

no debts (*Brown* v. *Mutual Life Ins. Co.,* 146 *Ga.* 123, 90 S. E. 856; but see *Jackson* v. *Green,* 123 *Ga.* 254, 51 S. E. 284), for the reason that the title to personalty vests in the administrator. The statutes in regard to the status of the assets of a dissolved corporation do not make the distinction indicated above between the vesting of the title to realty and the vesting of the title to personalty. It is provided in the Civil Code, § 2245, as follows: "Upon the dissolution of a corporation, for any cause, all of the property and assets of every description belonging to the corporation shall constitute a fund—first, for the payment of its debts, and then for equal distribution among its members. To this end the superior court of the county where such corporation was located shall have power to appoint a receiver, under proper restrictions, properly to administer such assets under its direction." Section 4 of the act of 1910 (Ga. L. 1910, p. 106; Park's Annotated Code of Georgia (1914), § 2823 (e)) provides that on the dissolution of any corporation under the provisions of this law, the assets of such dissolved corporation may be administered under the provisions of section 2245, for the purpose of winding up the affairs of the corporation as therein provided, if found to be necessary.

It would seem that the title both to realty and to personalty which belonged to the corporation at its dissolution "descends" to the stockholders subject only to the claims of creditors. The status of the title is like that of *realty* which belonged to the estate of an intestate. It vests in the stockholders "as heirs at law." If a receiver should be appointed he would not hold the title to the property, but would be only the custodian of the court for the purpose of paying the debts and of distribution, his right being similar to that of an administrator in realty. "An ordinary chancery receiver is not, as a rule, vested with the legal title to the property." 23 R. C. L. 53, 57; *Fountain* v. *Mills,* 111 *Ga.* 122 (36 S. E. 428); *Penton* v. *Hall,* 140 *Ga.* 576 (79 S. E. 465). The petition in this case did not in terms allege that no receiver had been appointed. It did show, however, that the petitioners were the only stockholders, or the owners of all the capital stock, of the corporation, and that the company owed no debts. Was it necessary that the plaintiffs should allege the non-appointment of a receiver? It has been many times held by the courts of this

State that heirs at law suing for realty must allege that no administrator has been appointed, or, if one has been appointed, that he consents to the action. *Doris* v. *Story,* 122 *Ga.* 611 (2) (50 S. E. 348) ; *Wilson* v. *Wood,* 127 *Ga.* 316 (56 S. E. 457) ; *Crummey* v. *Bentley,* 114 *Ga.* 746 (3) (40 S. E. 765) ; *Purvis* v. *Askew,* 148 *Ga.* 79 (95 S. E. 964) ; *Smith* v. *Turner,* 112 *Ga.* 533 (37 S. E. 705) ; *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44) ; *Isom* v. *Nutting,* 153 *Ga.* 682 (3), 687 (113 S. E. 197) ; *Lawrence* v. *Boswell,* 155 *Ga.* 690 (118 S. E. 45). Since an administrator does not take the title to the realty and is entitled to the possession and control of the same only for the purpose of paying debts and for distribution, the necessity for such allegations, in a suit for the recovery of realty in which *all the heirs, they being sui juris, duly join,* would seem to arise only because there is a presumption, in the absence of anything to the contrary, that there were debts against the decedent's estate (*Morgan* v. *Woods,* 69 *Ga.* 599 (1), 601) and personalty to be administered. Averments in such an action that the decedent neither owed debts to be paid nor owned personalty to be administered would negative the necessity for an administration and show prima facie, without direct allegation to that effect, that none had been appointed.

Under analogous principles, it affirmatively appears from the petition in this case that an administration of the assets of the corporation through a receiver was unnecessary. Section 4 of the act of 1910 provides for the appointment of a receiver only in case of necessity. It is the general law that the power of appointing receivers should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to. Civil Code (1910), §§ 4538, 5477; *Fountain* v. *Mills,* supra; *Cooleewahee Co.* v. *Sparks,* 148 *Ga.* 211 (96 S. E. 131) ; *Georgia Portland Cement Co.* v. *Jackson,* 139 *Ga.* 668 (77 S. E. 1055) ; *Planters Oil Mill* v. *Carter,* 140 *Ga.* 808 (79 S. E. 1120). We should not presume, therefore, in view of the facts alleged, that a receiver had been appointed, but rather the contrary. Where heirs at law sought to maintain actions for the recovery of personal assets of an estate or upon choses in action due thereto, the Supreme Court has said that the rule that the right to maintain such an action was solely in the administrator was not obviated by averments that the decedent owed no debts, because if the heirs of a decedent

should bring suit against one who was his debtor, alleging that there were no debts of the estate and no need for administration, the defendant would frequently have no means of knowing whether there were such debts or not, or of combating such allegations. If the heirs should recover against him, and subsequently it should appear that there were in fact creditors, and an administrator should be appointed and bring suit against the same defendant, the former judgment would be no protection to him, so far as the rights of creditors were concerned; while a judgment for or against him in a suit by the legal representative of the estate would be conclusive upon heirs and creditors. *Moughon* v. *Masterson,* 140 *Ga.* 699 (5), 705 (79 S. E. 561) ; *Brown* v. *Mutual Life Ins. Co.,* supra. This reasoning, however, appears to be pertinent only when the suit is by heirs for the recovery of *personalty,* as to which the title, as we have seen, vests in the administrator. We have found no case in which the same argument has been lodged against the effect of an averment that the decedent owed no debts, in a suit by heirs for realty the title to which is in the heirs and not in the administrator. The averments by the stockholders in this case that the corporation *owed no debts* at the time of its dissolution would be the legal equivalent of allegations by heirs in a suit for land that the decedent *owed no debts and had no personalty,* because, as we have stated, the title to both the realty and the personalty of the corporation pass alike to the stockholders; and if there is no necessity for a receiver to administer or distribute the real assets of the corporation, there is none as to its personal assets.

We have noted the general similarity, in its legal aspects, of the estate of a dissolved corporation to that of a deceased intestate, and more especially to the realty of such intestate. Oddly enough, but more specifically, the relation of the stockholders to the assets of the dissolved corporation is still more similar to the relation of a surviving husband or wife to the *real estate* of a spouse who died intestate, leaving no lineal descendants. Civil Code (1910), §§ 3930, 3931 (1). In *Jackson* v. *Butts,* 148 *Ga.* 312 (96 S. E. 630), which was a suit in ejectment by a husband as sole heir at law of his deceased wife, the Supreme Court said that it was unnecessary for the trial court to "instruct the jury that they must believe that there was no administration on the estate of Mrs.

Butts unless the estate owed debts." It was further said in that case: "The law favors directness rather than the doing of an unnecessary thing. It would be a needless circuity of action to require the husband to go into the court of ordinary and have himself appointed administrator in order to recover land owned by his deceased wife, where he is sole heir at law, when the statute authorizes him to possess and control her whole estate under such circumstances without administration." See also *Owens* v. *Oliver,* 148 *Ga.* 675 (97 S. E. 856); *Towns* v. *Mathews,* 91 *Ga.* 546 (2) (17 S. E. 955). Upon dissolution of a corporation its property, both real and personal, belongs to the stockholders as tenants or owners in common, and is subject to their control if all debts have been paid and no receiver has been appointed. Cummington Realty Associates *v.* Whitten, 239 Mass. 313 (4) (132 N. E. 53, 17 A. L. R. 527); Nelson *v.* Hubbard, 96 Ala. 238 (10) (11 So. 428, 17 L. R. A. 375); Huber *v.* Martin, 112 Wis. 412 (13) (105 N. W. 1031, 3 L. R. A. (N. S.) 653, 663); Havemeyer *v.* Superior Court, 84 Cal. 327 (24 Pac. 121, 10 L. R. A. 627, 636, 18 Am. St. R. 192); Lawman *v.* Lebanon V. R. Co., 30 Pa. St. 42, 72 Am. D. 685; 7 R. C. L. 735, § 745; 14-A Corpus Juris, 1153, § 3808. It appearing from the petition that the stockholders are in unison as to the disposition of the assets of the dissolved corporation, all of them having joined as plaintiffs in the action (see *Overby* v. *Phelps,* 150 *Ga.* 293, 103 S. E. 431), and it being alleged that the corporation did not owe any debts at the time of its dissolution, the nonexistence of the necessity for a receiver thus affirmatively appears.

We conclude that in such a case the appointment of a receiver should not be presumed, but that prima facie the right to sue upon the obligations was in the plaintiff stockholders, and that the suit could be brought in their own names. What is said by the Supreme Court in *White* v. *Davis,* 134 *Ga.* 274 (67 S. E. 716), with regard to the lack of power of the superior court to dissolve a corporation appears to have been met by the subsequent act of the General Assembly approved on August 13, 1910 (Ga. L. 1910, p. 106).

The conclusions which we have reached, we believe, are thoroughly consistent with the decisions in *Venable* v. *Southern Granite Co.,* 135 *Ga.* 508 (69 S. E. 822, 32 L. R. A. (N. S.) 446), and

*Thurman* v. *Walraven,* 16 *Ga. App.* 521 (2) (85 S. E. 685), to
the effect respectively that the dissolution of a corporation by the
expiration of its charter pending a suit against it abates the action,
and that where a corporation surrenders its charter, a pending suit
in which it is plaintiff dies with the charter.   It was held in *Hous-
ton* v. *Redwine,* 85 *Ga.* 130 (11 S. E. 662), that where, pending an
action in behalf of a corporation, the corporation expired by the
limitation of its charter, a receiver appointed might be made a
party plaintiff, so that the action could proceed.   This is not to
say that no other could be made a new party plaintiff except a
receiver.   See *Towns* v. *Mathews,* supra; *Frost* v. *Smith,* 148 *Ga.*
840 (4) (98 S. E. 471).   There is also a difference between that
case and one such as this, where there is no question as to the abate-
ment of a suit and the propriety of making new parties, but where
the only question is whether the suit could be originally brought by
the stockholders, where no necessity for a receiver exists.

The court erred in dismissing the petition.

*Judgment reversed.   Jenkins, P. J., and Stephens, J., concur.*