## 58943. SACHS v. LEE & SANDRA ASSOCIATES, INC. et al.

SOGNIER, Judge.

Corporate appellee deeded certain real property in Atlanta to Global Enterprises, Inc. and as a part of the purchase price received two promissory notes from Global, one for $48,000 and one for $7,000. The latter note has been paid. By deed to secure debt Global conveyed the property back to appellee as security for the notes. The property was transferred several times, the last transfer having been to the appellant, and was subject to the indebtedness and deed to secure debt. Timely payments have been made thereon to the individual appellee.

In 1962, the corporate appellee was chartered in New York and qualified in Georgia. In 1969, the individual appellee, sole stockholder of corporate appellee, transferred all of this stock to his son Lee. The corporate affairs were neglected and in 1972 New York dissolved the corporation for failure to pay franchise tax. The son Lee then transferred all of the corporate appellee's stock back to his father, the individual appellee, and assigned all his interest in the note and security deed to his father and to his brother.

Appellant Sachs became concerned about the proper party to whom payments should be made and on March 10, 1978 brought a declaratory judgment seeking guidance as to the proper party to pay, and in the alternative cancellation of the debt because the corporation had been dissolved.

The lower court sustained appellee's motion for summary judgment, thus denying appellant's petition for relief.

The dissolution of a corporation does not cancel a debt due the corporation under either New York or Georgia law. Code Ann. § 22-1314 (i); *Stone v. Edwards,* 32 Ga. App. 479 (124 SE 54) (1924); N. Y. Gen. Corp. Law § 29; N. Y. Bus. Corp. Law § 1006.

After this suit was brought appellee corporation assigned its interest in the note and deed to secure debt to the individual appellee as did appellee's son Joseph. In New York a dissolved corporation retains title to its property until a transfer is made by the corporation and in its name. N.Y. Gen. Corp. Law § 29; N.Y. Bus. Corp. Law § 1006. The appellee corporation transferred the note and deed to secure debt in accordance with New York law.

Under Georgia law upon dissolution of a corporation the assets belong to the stockholders, *Stone v. Edwards,* supra, and transfers may be made by the directors as trustees for the benefit of the stockholders. Code Ann. § 22-104 (e). The transfers were executed by the directors and stockholders thus complying with Georgia law. There is no need to puzzle over which state law applies as there was compliance with both.

The appellant contends on appeal that he is concerned about the proper party to pay. The effect of the summary judgment is to confirm title to the note and deed to secure debt in the individual appellee insofar as the parties and privies to this suit are concerned.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED OCTOBER 31, 1979 — DECIDED
MARCH 11, 1980.

*Russell S. Thomas,* for appellant.
*Michael D. Jones, James R. Paulk, Jr., Charles T. Lester, Jr.,* for appellees.