### JOHNSON *v.* CHAMPION, executrix.

A widow whose husband died intestate after the passage of the act of December 12th, 1882 (Acts of 1882–3, p. 47), leaving no lineal descendants, is, in the absence of evidence that he left debts which are still unpaid, entitled to his whole estate without taking out letters of administration thereon. And being so entitled, she is his "personal representative," and in a suit against her by one claiming to be a creditor of her husband, the plaintiff is not a competent witness to establish an alleged contract between himself and the deceased out of which the alleged indebtedness arose.

February 15, 1892.

Witness. Personal representative. Before Judge JENKINS. Baldwin superior court. January adjourned term, 1891.

Reported in the decision.

C. P. CRAWFORD, by brief, for plaintiff.

D. B. SANFORD and R. W. ROBERTS, for defendant.

SIMMONS, Justice.

The sole question in this case is whether the widow, who was sued as executrix *de son tort* of her husband, was his personal representative within the meaning of the

"witness act" of 1889, so as to preclude the plaintiff from testifying as to transactions between himself and the decedent out of which the alleged indebtedness arose. Under that act, "where any suit is . . defended . . by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor, as to transactions or communications with such . . deceased person." Acts 1889, p. 85, §1(a).

It appeared from the allegations of the plaintiff, as well as from the evidence on the trial, that the defendant was in possession of her husband's estate, without administration, as his sole heir, he having died in 1887, intestate and leaving no child or children. There was no evidence that he had left any debts unpaid. The act of December 12th, 1882, amendatory of section 1762 of the code (Acts 1882–3, p. 47), declares: "Upon the death of the husband without lineal descendants, the wife is the sole heir, and upon the payment of his debts, if any, may take possession of his estate without administration, sue for and recover the same." Under the facts above stated, the defendant, so far as appeared, was rightfully entitled to the estate, and in this case must be treated as the personal representative of the deceased. It being admitted by the plaintiff and established by the proof that the husband had died intestate and without children, and that the defendant was in possession of the estate as his wife and sole heir, her right, without administration, to be regarded in law as the personal representative of the husband in this action, must be assumed, in the absence of evidence that there were debts of the husband still unpaid. And that there was any debt could not, of course, be established by the plaintiff's testifying to the debt in question. He could not render himself competent to testify to the fact at issue by first swearing to the existence of that fact.

*Judgment affirmed.*