McElhaney *v.* Crawford.

Where, pending an action for libel, the defendant therein died intestate, the claim of the plaintiff, even if meritorious, was not such a "debt" against the estate of the decedent as would prevent his widow, as sole heir at law, from taking possession of his estate without administration.

April 29, 1895. Brought forward from the last term.

Appeal. Before Judge Butt. Muscogee superior court. May term, 1894.

Little & Little, for plaintiff in error.

Blandford & Grimes, McNeill & Levy and Reese Crawford, *contra.*

Lumpkin, Justice.

George W. McElhaney died intestate, leaving his widow as his sole heir at law, and there were no debts due or to become due by his estate, unless the claim presently mentioned can be properly designated as a "debt." At the time of his death, an action for libel, brought against himself and another by one Crawford, was pending and undisposed of in the superior court of Muscogee county. Crawford filed a petition with the ordinary of that county, alleging the existence and pendency of the above mentioned action; that the estate of McElhaney was unrepresented; that no one had applied for letters of administration; and praying that the clerk of the superior court be appointed administrator. The widow filed a *caveat*, in which she set up that she was the only heir of the deceased; that there were no debts against his estate, and therefore no necessity for any administration; and that if any such necessity did exist, she would be entitled to be appointed administratrix. The case went to the superior court by appeal, and was there submitted to the presiding judge without a jury, there being no contest as to the facts above recited. The judge held that an administration should be granted; that the widow be appointed administratrix, if she so desired, and if not, that the administration be vested in the clerk of the superior court. To so much of the order as adjudicated that there should be an administration upon the estate, Mrs. McElhaney excepted.

Under section 1762 of the code, as amended by the act of December 12, 1882 (Acts of 1882–3, p. 47), the wife, if the sole heir of her deceased husband, upon the payment of his debts, if any, may take possession of his estate without administration. In view of this law, there can be no doubt that there was no legal necessity for an administration upon the estate of McElhaney, unless the claim of Crawford in his libel suit is to be re-

garded as a "debt" of the deceased. Even granting that the action was meritorious, still we do not think the claim therein set forth was, within the meaning of the statute, such a "debt" as would prevent the widow from taking possession of the estate without administration. It is true that in the case of *Westmoreland* v. *Powell*, 59 *Ga.* 256, this court held that where one committed an actionable tort upon the person of another, and thereby became liable and bound by law to pay an amount of money certain or uncertain, the latter was so far a "creditor" of the former as to be protected under the law declaring void, as against creditors, all fraudulent conveyances made by insolvent debtors. But in *Gamble et al.* v. *Central R. R. & Banking Co.*, 80 *Ga.* 601, this court said, it was not the purpose of the case just cited "to hold that torts would make debts, save so far as to bring the injured party within the protection of the statutes for the prevention of conveyances and transfers of their property by debtors in fraud of their creditors"; and that "The principle of equitable construction would justify that decision without any strain whatever of the words 'debt,' 'debtor' or 'creditor.'" It thus appears that this court has heretofore manifested an indisposition to extend the doctrine of the *Westmoreland* and *Powell* case any further than as indicated in the case last cited, in which it was held that a claim founded in tort and not reduced to judgment is in no proper sense such a "debt" of the person committing the tort as can be reached by garnishment. It is stated in 5 Am. & Eng. Enc. of Law, pp. 148, 149, that "debt" has been held *not* to include a liability in tort. See the authorities there cited, among them 3 Bl. Com. 154, to the effect that "a debt imports a sum of money arising upon a contract express or implied, and not a mere claim for damages."

The act of 1889 (Acts of 1889, p. 73), amendatory of

section 2967 of the code, declaring that certain actions *ex delicto* should not be abated by the death of either party, and the decision of this court in *Johnson, adm'x, v. The Bradstreet Co.*, 87 *Ga.* 79, holding that this act was applicable to actions for libel, were cited to show that Crawford had a cause of action which survived the death of McElhaney, and consequently had a right to proceed therewith against the defendant's personal representative; and accordingly, it was strongly urged that Crawford could insist upon some proper person being appointed administrator of the deceased, for otherwise he (Crawford) would be practically without remedy.

This contention is answered by the decision of this court in *Johnson* v. *Champion, executrix*, 88 *Ga.* 527, in which it was held that where a widow, under the provisions of the act first above cited, became entitled to take possession of and hold the estate of her deceased husband without taking out letters of administration, she became his "personal representative." The doctrine of this case is fully recognized in *Towns et al.* v. *Mathews et al.*, 91 *Ga.* 546. No reason, therefore, occurs to us why Crawford may not proceed with his action after taking the proper steps to make Mrs. McElhaney a party defendant as the legal representative of her deceased husband.                    *Judgment reversed.*