## KILLIAN *v.* BANKS.

1. In a suit involving title to land, which is defended by a person claiming title to a part of the same as the widow and sole heir of her deceased husband, and to the remaining portion of the land through a warranty-deed made to her by the husband during his lifetime, and in the trial of which the plaintiff's contention is that the husband purchased the property with her money and improperly took the title in his own name, the plaintiff is not, under section 5269 of the Civil Code, a competent witness to testify in her own favor as to transactions and communications with such deceased husband, relating to this land.
2. There was no abuse of discretion upon the part of the trial judge in refusing the injunction.

Argued December 1, 1897. — Decided January 10, 1898.

Petition for injunction.   Before Judge Lumpkin.   Fulton county.   May 31, 1897.

*Simmons & Corrigan* and *W. J. Speairs*, for plaintiff.
*Charles W. Smith*, for defendant.

SIMMONS, C. J.    J. W. Banks and Mrs. Elizabeth Killian were brother and sister.   Mary A. Banks was the wife of the former.   Banks died in December, 1893, seized and possessed of several lots of land in the city of Atlanta.   Mrs. Killian occupied a house upon one of these lots.   After the death of her husband, Mrs. Banks sued out a dispossessory warrant against Mrs. Killian, for the purpose of ejecting her from the house she occupied ; whereupon Mrs. Killian filed her equitable petition, praying that Mrs. Banks be enjoined from dispossessing her, claiming that in 1858 or 1859 she furnished her brother, J. W. Banks, the money with which to purchase this land ; that he did purchase it with her money, but that instead of taking a deed in her name, he took title in his own name by a deed made in 1870 and recorded in the clerk's office in the year 1872 ; that he had promised to make her a title to the

land, and had made various representations concerning the transaction between them, and various admissions as to her ownership of the land, etc. She also alleged that under these facts her brother became her trustee, and that, inasmuch as he died intestate and childless, owing no debts, his wife was his sole heir and representative, and held the land as trustee for petitioner. She further alleged that in 1871 her brother made to his wife a voluntary deed to a one-half undivided interest in the land in question. She prayed that the deed to her brother, made in 1870, and the deed which he made to his wife in 1871, be canceled, and that the title be decreed to be in her, and that she recover the land from Mrs. Banks, the widow. The petition did not waive discovery. Mrs. Banks answered, denying all of the material allegations of the petition. At the hearing affidavits were put in evidence on both sides, which were conflicting as to the main issues in the case. Mrs. Killian's sworn petition was offered in evidence, and was objected to on the ground that, her brother being dead, she was incompetent to testify as to any communications or transactions had between her and him during his life. This objection was sustained, and her evidence as to such matters ruled out. To this ruling exception is taken.

1. The first exception to the evidence act of 1889, Civil Code, § 5269, declares that, where any suit is instituted or defended by the personal representatives of a deceased person, the opposite party shall not be admitted to testify in his own favor against the deceased person, as to transactions or communications with such deceased person. Banks having died intestate, leaving no lineal descendants and no debts, under paragraph 1, section 3355 of the Civil Code, as construed by this court in *Johnson* v. *Champion*, 88 *Ga.* 527, his wife was entitled to administer all property belonging to him at the time of his death, and is to be treated as his personal representative. According to the allegations in the petition of Mrs. Killian, her whole case depends upon communications and transactions had with her deceased brother during his life. It is apparent that she is therefore disqualified, under the evidence act, from testifying to any of these communications and

transactions had with her brother which affect his estate. It is claimed, however, that she ought at least to have been allowed to testify as to the undivided half-interest claimed by Mrs. Banks under the deed made to her by her husband. It was argued here that such evidence would not affect his estate, as he had, in his life, parted with this half-interest in the land. This argument is plausible, but under the facts of this case we think it unsound. It will be seen from the record that all of this property was purchased by Banks in bulk at one time. He gave his wife an undivided half-interest therein and made her a warranty-deed. It would be exceedingly difficult to allow her to testify so as to recover the part given to the wife, and yet not affect the part belonging to his estate. The effect of such ruling would be, if the recovery depended upon Mrs. Killian's testimony, to allow her to recover an undivided half-interest in the land from Mrs. Banks, which would make the other half, belonging to the estate of Banks, liable to the grantee in the warranty-deed, thus disposing of all of his estate upon the testimony of a person disqualified to testify against such estate. This is especially so where Mrs. Killian, by her petition, makes the widow the personal representative of the deceased husband, and undertakes to recover the property from her as such. Moreover, according to the allegations in the petition, Mrs. Banks held this half-interest under a mere voluntary conveyance, and took, therefore, subject to the equities of Mrs. Killian. If Mrs. Killian furnished the money, and her brother wrongfully took the deed in his own name instead of in hers, he became in equity her trustee and had no right to convey the half-interest to his wife. Under the allegations in the petition, she was not an innocent purchaser; and if Mrs. Killian can, by aliunde evidence, establish her claim to the satisfaction of the jury, she will be entitled to recover the whole property. This being so, her testimony was inadmissible, and the judge did not err in excluding it.

2. Under the facts appearing in the record, there was no abuse of discretion upon the part of the trial judge in refusing the injunction.

*Judgment affirmed. All the Justices concurring.*