## JACKSON *v.* BUTTS.

1. The grounds of the motion for new trial which complain that certain excerpts from the charge of the court did not correctly state the contentions of the defendant, and that they were stated in a manner calculated to confuse the jury, do not show such error as will require the grant of a new trial.

2. The admission, as evidence, of the written instrument set out in the second division of the opinion, over objection of counsel, was erroneous and requires a new trial as to that part of the land referred to in the petition as the four-acre tract.

3. The court instructed the jury as follows: "If you are satisfied Mrs. Butts died without heirs, and there was no administration on her estate, and Mr. Butts, her husband, was sole heir at law, the court charges you under those circumstances he would be entitled to recover." The only error assigned on the charge is to the effect that the court tells the jury "that they must believe that there was no administration on the estate of Mrs. Butts before Mr. Butts can recover," and that there is no evidence to support the charge. The excerpt quoted is not technically correct, but is not error requiring, for the reason assigned, the grant of a new trial.

4. The remaining grounds of the motion for new trial are either without merit, or, not being referred to in the brief of counsel for the plaintiff in error, are considered as abandoned.

No. 857. JULY 10, 1918. REHEARING DENIED SEPTEMBER 14, 1918.

Ejectment. Before Judge Park. Baldwin superior court. February 15, 1918.

S. G. Chandler died in 1879, leaving a widow and three children, one of them a minor, and children of a deceased daughter. The widow had set apart, as a year's support for the benefit of herself and the minor (Ella Chandler), 60 acres of land belonging to S. G. Chandler. Chandler owned certain other land, and a few minutes prior to his death he executed an instrument purporting to bequeath to his daughter, Anna Medlin, that portion of land upon which she then resided, embracing between three and four acres, the land to revert to his estate in the event she died without heirs. At the time of Chandler's death his daughter, Mrs. Medlin, and her husband were living on this four acres; but there was evidence

tending to show that soon afterward they moved to the 60-acre tract set apart to Mrs. Chandler and her minor daughter as year's support, on an oral agreement made by Mrs. Chandler that if they would do so and would take care of her during the rest of her life Mr. Medlin might have her interest in the 60-acre tract under the year's support. Mrs. Chandler died in 1880, and the minor daughter, the other beneficiary under the year's support, continued to reside with Mr. and Mrs. Medlin on the 60-acre tract until her marriage to E. A. Butts, the plaintiff below and defendant in error here. Mr. and Mrs. Medlin continued to live on and farm the land until Medlin's death in 1914. In 1915 Mrs. Medlin executed an instrument for the purpose of conveying 144 acres of land (including both of the tracts above mentioned) to Mrs. S. G. Jackson, the plaintiff in error, who claims title by reason of this conveyance. Ella Chandler, the minor beneficiary under the year's support, died without children, leaving as her sole heir at law E. A. Butts, her husband, who brought this suit in ejectment for a 5/8 undivided interest in the 60-acre tract, and for a 1/3 undivided interest in the 4-acre tract, and for mesne profits as to both tracts.

The defendant offered evidence to the effect that Mrs. Butts during her lifetime sold her interest in the 60-acre tract under the year's support to Mr. Medlin, and that he had paid her therefor; but the plaintiff offered proof showing that the Medlins had been permitted to remain on the land through charity, and that Mrs. Medlin had repeatedly made statements recognizing the interests of others in the property.

A motion for new trial on the general grounds, and upon the ground of error in the admission of certain testimony and in portions of the charge of the court, was overruled, and the defendant excepted.

D. S. Sanford and Sibley & Sibley, for plaintiff in error.

Hines & Vinson and Allen & Pottle, contra.

GILBERT, J. (After stating the foregoing facts.)

1. The motion for new trial contains more than one ground to the effect that the court erred in not stating the contentions of the defendant correctly; that the contentions were stated in a manner calculated to confuse the jury. This is a common-law suit in ejectment. The defendant filed only a plea of not guilty. There is no amplification by way of amendment setting out the conten-

tions of the defendant. There were no requests in writing tendered to the court, setting out the contentions of the defendant. This court, therefore, has no means of determining what were the contentions of the defendant, except by reading the brief of evidence, which is, at best, unsatisfactory for the purpose. It can not be said in all cases that the evidence introduced by the defendant is a clear index of the defendant's contentions. It may contain features abandoned or waived. It would be difficult for the trial judge to determine in all cases the exact contentions from the testimony of witnesses, because of the manner in which evidence is generally introduced during a trial of this kind. We can not say that there were such inaccuracies or confusion on the part of the court in stating the contentions of the defendant as to cause a new trial.

2. The following instrument in writing was admitted over the objection of the defendant, to wit: "In the name of God, Amen: I. S. G. Chandler, being feeble in body but sound in mind and memory, do hereby give and bequeath to my daughter, Anna Medlin, that portion of land upon which she now resides. The lines to be run so as to embrace between 3 and 4 acres, and to run as designated by me and as understood by these present. In the event she dies without heirs. the land to revert to the, original estate. (His mark) S. G. Chandler."

"I. W. Vinson. A. C. Chandler. T. J. Croley. E. Chandler.

"This July 27th, 1878."

"Recorded under affidavit of T. J. Croley, June 1st, 1881."

The ground of objection was that, if offered as a deed, "the description contained therein was insufficient to pass title," and if offered as a will, "its execution and probate had not been shown." If this instrument was construed to be a will, it was error to admit the same in evidence without proof of its probate. If it was construed to be a deed and admitted in evidence as such, this was erroneous, because the description of the land is not sufficiently definite to constitute a valid conveyance. The instrument purports to convey "that portion of land upon which she [Anna Medlin] now resides." If this were all, the particular tract might possibly be identified by extrinsic evidence; but the instrument further provides: "The lines *to be* run so as to embrace between 3 and 4 acres and to run as designated by me and *as understood by these present.*" This provision leaves the quantity of land wholly indefinite. It is to be somewhere between 3 and 4 acres; the lines are to be run

thereafter and "as designated by me," and further, "as understood by these present." We apprehend that it would be wholly impossible to determine with any degree of accuracy how the lines are to be run, and what those present understood the maker of the instrument to intend. The instrument does not recite delivery. The record is silent as to any theory upon which delivery was shown or presumed. The instrument does not contain a habendum and tenendum clause, and is entirely wanting in the language usually employed in conveyances by deed. None of the forms usually found in deeds are a part of this instrument. Upon the contrary, the language, "In the name of God, Amen," is frequently found in wills, and in the brief instrument is found also the expression, "being feeble in body, but sound in mind and memory," and also "give and bequeath." All of these expressions are frequently found in testamentary instruments. The court erred in admitting the writing in evidence. This erroneous ruling, however, affects only that part of the suit which seeks to recover an interest in the 4-acre tract of land, and will not require a reversal of the judgment in so far as it affects the interest in the 60-acre tract. The judgment is affirmed in so far as the verdict and judgment awarded the plaintiff a one-half undivided interest in the 60-acre tract of land, and is reversed and a new trial granted in so far as the verdict and judgment awarded to the plaintiff a one-third interest in the four-acre tract of land.

3. Error is assigned on the following instruction to the jury: "If you are satisfied Mrs. Butts died without heirs and there was no administration on her estate, and Mr. Butts, her husband, was sole heir at law, the court charges you under those circumstances he would be entitled to recover." The only criticism of the charge is to the effect that the court tells the jury "that they must believe there is no administration on the estate of Mrs. Butts before Mr. Butts can recover," and that there is no evidence to support the charge. The excerpt quoted is not technically correct as embodying the whole law on the question; furthermore, it was unnecessary to instruct the jury that they must believe there was no administration on the estate of Mrs. Butts unless the estate owed debts. Where the wife dies intestate and childless and leaves no debts, the husband is entitled to possess and control her estate without administration. Civil Code, §§ 3930, 3931 (1); Powell on Actions for Land, § 114. The law favors directness rather than

the doing of an unnecessary thing. It would be a needless circuity of action to require the husband to go into the court of ordinary and have himself appointed administrator in order to recover land owned by his deceased wife, where he is sole heir at law, when the statute authorizes him to possess and control her whole estate under such circumstances without administration. In the case of *McElhaney* v. *Crawford,* 96 *Ga.* 174 (22 S. E. 895), it was held that the plaintiff in a libel suit which was pending at the time of the defendant's death might make the wife, who was the sole heir of her husband, a party defendant, and that the suit might proceed against her as the representative of her husband's estate. In the case of *Johnson* v. *Champion,* 88 *Ga.* 527 (15 S. E. 15), and a number of other cases, the same principle was recognized in ruling on the admissibility of evidence. This court has uniformly held that the same rule of evidence applied as to the surviving husband or wife where he or she was the sole heir as in cases prosecuted or defended by the personal representative of deceased persons, as provided in the Civil Code, § 5858. In *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44), it is held, that before heirs of a deceased person can recover real estate of which such person has died seized and possessed, they must allege and prove that there are no debts and no administration, or that the administrator has assented to their suit. This rule has been adhered to in other cases. It applies where there are a number of children, or children and representatives of children, or in cases where the law has not fixed with certainty who is entitled to be the personal representative of the deceased. The rule in these cases is, however, applicable under a different state of facts from that of husband or wife who is the sole heir of the deceased wife or husband. No attack is made upon the charge complained of, other than that above stated, and counsel for plaintiff in error do not refer in their briefs to the subject of debts by way of the ground based on insufficiency of evidence to support the verdict. The excerpt from the charge quoted does not show error requiring the grant of a new trial.

4. The ruling stated in the fourth headnote requires no elaboration.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*