## TIDWELL *v.* GARRICK *et al.*

1. A widow, whose husband died intestate leaving no lineal descendants, is, upon evidence that his debts have been paid, entitled to the whole of decedent's property without taking out letters of administration upon his estate. And where this is so, the widow is the "personal representative" of the intestate, within the meaning of the evidence act of 1889 (Civil Code of 1910, § 5858, par. 1); and in a suit by her against certain defendants to recover a tract of land which the latter claimed by reason of an alleged parol contract with the deceased, together with possession of the same and valuable improvements made thereon, the defendants are not competent witnesses to testify as to statements made to them by the intestate, relied on to establish the alleged contract between themselves and the deceased.

2. In a suit by a widow as personal representative of her deceased husband, to recover certain land alleged to be his at the time of his death, where the defendants set out a counter-claim to the land sued for, alleging a parol contract with the deceased, together with possession of the land and valuable improvements made thereon, and praying specific performance of the contract, it was not error, in connection with the charge that the parol contract for the sale or gift of land, so as to entitle the equitable claimant to specific performance, must be proved by evidence so clear, strong, and unambiguous as to leave no reasonable doubt on the minds of the jury as to the agreement, to also charge, as to the *possession* by-the defendants and valuable improvements made on the land by them: "The burden is further on the defendants to prove by a preponderance of the evidence that they were put in possession of the land at the time or after the alleged parol contract was made; that they were put in possession of the land by Mr. Tidwell [the deceased], with reference to the parol agreement, as their own property; that they accepted it in this manner and went forward and put valuable improvements upon it and in every respect complied with the obligations resting upon them under the alleged parol contract." *Poullain* v. *Poullain,* 76 *Ga.* 420.

(*a*) It was incumbent upon the defendants to prove both the parol contract and the fact that they entered into possession of the land and made valuable improvements thereon upon the faith of the contract. Different degrees of proof are required to support the two propositions; the former is to be established so clearly and satisfactorily as to leave no reasonable doubt on the minds of the jury, while the latter may be established by a preponderance of the evidence. While charging upon the latter it is proper to read to the jury Civil Code §§ 5731-5732, relating to the subject of preponderance of evidence, but in charging upon the former it is better to omit altogether any reference to the subjct of preponderance of evidence. *Becker* v. *Donalson*, 138 *Ga.* 634 (5), 645 (75 S. E. 1122); *Warren* v. *Gay*, 123 *Ga.* 243 (51 S. E. 302).

(*b*) The charge complained of in the third special ground of the motion for new trial seems to have applied the doctrine of the code sections above mentioned, relatively to the preponderance of evidence, to the whole case, which would include the feature of it which refers to proof of the parol contract, and to that extent was calculated to mislead the jury.

3. As the judgment is reversed on other grounds, and the evidence may not be the same on another trial, no ruling will be made as to the sufficiency of the evidence to authorize certain instructions which are complained of in the 7th special ground of the motion for new trial, on the ground that they were unauthorized by the evidence, or upon the sufficiency of the evidence to support the verdict.

No. 1260. JULY 28, 1919. REHEARING DENIED AUGUST 6, 1919.

Complaint for land. Before Judge Revill (of the city court of Greenville). Meriwether superior court. November 15, 1918.

Claudia Tidwell as sole heir at law of J. A. J. Tidwell, deceased, instituted an action against George W. Garrick. The petition alleged, that J. A. J. Tidwell died seized and possessed of a described tract of land of which the defendant was in possession, having entered as the tenant of J. A. J. Tidwell, since deceased; and that, although the plaintiff was owner of the land as sole heir at law of J. A. J. Tidwell, his estate having been administered and all of his debts paid and the administrator upon the estate discharged, the defendant refused to surrender possession to her or to pay rent for the land. The prayer was for the appointment of a receiver to take charge of the land and collect the rents and profits therefrom and preserve the same until the litigation is finally determined, and for process. The defendant filed a demurrer upon general and special grounds, which does not appear to have been ruled upon by the court. The defendant filed an answer, admitting some of the allegations of the petition and denying others, and among other things setting up specially:

"(*c*)   That defendant's wife, the said Mrs. Mattie Garrick, was the niece of the said J. A. J. Tidwell, deceased; that something over twenty years ago the said J. A. J. Tidwell, then a widower without children, entered into an agreement with defendant and his wife, by which he placed them in full possession and control of said land; and told them that it belonged to them, and for them to treat it as their own and to make such valuable improvements thereon as they saw fit; that the only condition he required of them was to pay him annually such sum as would be equivalent to a reasonable rent on the said lands as long as he, the said J. A. J. Tidwell, lived.   All of which these defendants did and paid same as required.

"(*d*)   That in conformity with this agreement defendant, together with his said wife, immediately moved on said described lands and began to make valuable improvements thereon, by clearing lands, by ditching the same, by setting out orchards thereon, by building several houses on the same, and by fertilizing the land and bringing it up to a high state of cultivation, and paid said annual sum as required.

"(*e*)   Defendant says that at the time that he moved on said described lands that it was in a very low state of cultivation; that the dwelling-house was a very small and cheap one; that there were no outhouses or tenant-houses of any value on the same; that, acting upon the aforesaid agreements, he has improved the dwelling-house by enlarging the same and ceiling it; that he has built several tenant-houses, a barn, a cotton-house, a grain-house, placed about one acre of the land in an orchard and placed fences upon the said lands.   All of this was done at his own expense and are of the value of $——————— dollars; that all of the said improvements are valuable and are of a substantial and permanent nature."

The answer concluded with these prayers:   "(*a*)   That his wife, Mrs. Mattie Garrick, be made a party defendant to this suit by proper order of the court.   (*b*)   That the land described in paragraph 1 of plaintiff's petition be declared and decreed to be the property of defendant Geo. W. Garrick and his wife, Mrs. Mattie Garrick; and that the court by its judgment decree the title to said lands to be in them.   (*c*)   That defendant have such other and further relief as he may be entitled to, the premises

considered." No order appears in the record making Mrs. Mattie Garrick a party defendant, but she is named as a party both in the verdict and judgment of the trial court.

At the trial term the plaintiff amended her petition, setting out a second count wherein she alleged, among other things, that J. A. J. Tidwell owned the land during his lifetime and had been in actual possession thereof for a period of twenty years and died in possession on a named date; also, that at a subsequent time [while the defendant was in actual adverse possession of the land] the administrator of the estate of J. A. J. Tidwell had caused the property to be sold, and the purchaser at the sheriff's sale on the same day of the purchase conveyed the property to the plaintiff. The prayer was that plaintiff have a judgment for the land and mesne profits. No answer or demurrer appears to have been filed to the second count. The jury returned a verdict for the defendants. The plaintiff made a motion for new trial, which was overruled, and she excepted. The other material facts appear in the opinion following.

*H. A. Allen* and *W. I. Heyward,* for plaintiff.

*J. F. Hatchett* and *N. F. Culpepper,* for defendants.

HILL, J. (After stating the foregoing facts.) Whether the petition sets out two technical counts, or whether the alleged second count is merely an amendment to the original petition, is unimportant. The original petition separately and distinctly from the amendment, or second count, was a suit to recover rents from an alleged tenant, and did not seek to recover the land. By the defendant's answer title to the land was put in issue and the suit was converted into an action for land. The amendment to the petition, or second count, sought, in effect, to recover the land, and the issues as finally presented were such as occur in actions for land.

The fourth and fifth grounds of the motion for new trial complain of the admission of certain testimony by the court, over objection, which permitted the defendants, George W. Garrick and his wife Mattie Garrick, to testify as to a parol contract for the land in controversy between J. A. J. Tidwell, the deceased, and the defendants. It is insisted by the plaintiff that the testimony of the defendants with reference to the parol contract for the land was improperly admitted, for the reason that the plaintiff,

Mrs. Claudia Tidwell, was "the personal representative" of the deceased, J. A. J. Tidwell, and therefore that they were not competent to testify as to that matter. Subsection 1 of § 5858 of the Civil Code of 1910 provides: "Where any suit is instituted or defended by a person insane at the time of the trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person, whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person." The question is whether the plaintiff is the "personal representative" of the deceased. If so, it seems clear that the opposite parties, who in this case are George W. Garrick and his wife, Mattie Garrick, would not be permitted to testify in their own favor to establish an alleged contract between them and the deceased. In *Johnson* v. *Champion,* 88 *Ga.* 527 (15 S. E. 15), this court held: "A widow whose husband died intestate after the passage of the act of December 12, 1882 (Acts 1882-3, p. 47), leaving no lineal decendants, is, in the absence of evidence that he left debts which are still unpaid, entitled to his whole estate without taking out letters of administration thereon. And being so entitled, she is his 'personal representative,' and in a suit against her by one claiming to be a creditor of her husband, the plaintiff is not a competent witness to establish an alleged contract between himself and the deceased out of which the alleged indebtedness arose." Civil Code of 1910, § 3931; *Willis* v. *Bonner,* 136 *Ga.* 720 (71 S. E. 1048). In the circumstances above stated, and under the rulings made in the cases cited, the defendants were not competent to testify as to statements made to them by the intestate, which were relied on to show the parol contract which was the basis of their claim; and the court therefore erred in admitting such testimony over the objection made. *Kramer* v. *Spradlin,* 148 *Ga.* 805 (98 S. E. 487). Nor were the defendants competent to testify as to the alleged contract, under the facts of this case, by reason of subsection 6 of § 5858, supra, which reads as follows: "In all cases where the personal representative of the deceased or insane party has introduced a witness interested in the event of a suit, who has testified as to transactions or communi-

cations on the part of the surviving agent or party with a deceased or insane party or agent, the surviving party or his agent may be examined in reference to such facts testified to by said witness." It is true that the plaintiff, who was the personal representative of the deceased, was introduced as a witness in her own behalf, and she testified on direct examination, without objection so far as the record discloses, as to facts not connected with the alleged parol contract between the deceased and the defendants, and on cross-examination the witness disclaimed hearing any conversation between the deceased and the defendants in which the deceased stated that he had given the land in controversy to the defendants. We do not think that this would bring the witness within the provisions of subsection 6 of § 5858, supra, so as to permit the defendants to be examined in reference to the alleged contract between the deceased and the defendants.

3. The headnotes, other than the one dealt with, require no elaboration.

*Judgment reversed. All the Justices concur.*