### 29715. WILLIS *v.* WHITEHEAD.

DECIDED SEPTEMBER 18, 1942.

*Paul T. Chance,* for plaintiff. *Pierce Brothers,* for defendant.

GARDNER, J. Lela Willis sued Ernest Whitehead for $530, alleged to be due for personal services in the nature of nursing, board, and food furnished to Ellen Thomas during her lifetime. The petition alleged that the defendant had taken possession of the estate of Ellen Thomas; that defendant procured, by the imposition of a fraud on Ellen Thomas, a deed to real property during her lifetime; that the deed was procured for the purpose of hindering and delaying the creditors of Ellen Thomas, and for the purpose of placing her property beyond the reach of the plaintiff and other possible creditors; that the suit was instituted for the purpose of protecting the rights of the plaintiff and others similarly situated; that the transfer of the realty from Ellen Thomas to defendant was void; that the defendant "was and is the sole heir at law of the said Ellen Thomas," and that Ellen Thomas died intestate; that "Ellen Thomas . . having died without any near relatives . . said Ernest Whitehead, under the law, would have the right and privilege to administer on said estate." The petition prayed for judgment, and that the estate of Ellen Thomas be administered in a court of equity through a receiver.

The defendant answered, in so far as it is here material to state, that the defendant was the grandson of Ellen Thomas, was sole heir at law, and that the claim of plaintiff as a creditor was unfounded. The jury returned a verdict in favor of the defendant. The plaintiff filed a motion for new trial which was overruled, and she excepted.

1. The first special ground of the motion complains that the court erred in refusing to allow the plaintiff to testify with reference to "a transaction and communication" with the deceased, Ellen Thomas, regarding an agreement by the deceased to pay plaintiff for the services which plaintiff claims to have rendered, aggregating the amount sued for. The court refused to allow the plaintiff to testify to any transaction or communication with the deceased, basing his ruling on the provisions of Georgia Code Ann. § 38-1603 (1). Construing the petition most strongly against the plaintiff, it is a suit against the personal representative of Ellen Thomas, and therefore the plaintiff was incompetent to testify concerning such transaction and communication with the deceased. The sole heir at law of a deceased person is the personal representative, within the meaning of the Code section. *Willis* v. *Bonner,* 136 *Ga.*

720 (71 S. E. 1048); *Tidwell* v. *Garrick*, 149 *Ga.* 290 (99 S. E. 872). "If a person dies intestate, owing no debts, no administration. is necessary, provided all his heirs are sui juris at the time distribution is made." Redfearn on Wills and Administration, Rev. ed., 397, par. 232 and cit. In view of the allegations of the petition and the authorities above cited the court did not err in refusing to permit the plaintiff to testify regarding the transaction between herself and Ellen Thomas.

2. In ground 2 plaintiff complains of harmful error because the court charged: "The plaintiff contends, . . that while her claim, if any, is not so much, at the same time if this deed is allowed to stand as a good deed as to her, as she contends, as a creditor, she hasn't a Chinaman's chance to get her money." It is contended that this charge was calculated to minimize plaintiff's claim, and to impress the jury that her claim was of no consequence. While the expression was perhaps inapt, we can not see that it amounted to reversible error.

3. In ground 3 exception is taken to the charge of the court, in effect, that if the jury were to find that the plaintiff was entitled to recover as a creditor of Ellen Thomas the deed from Ellen Thomas to the defendant would, as to the plaintiff, be ineffectual, and that the property described in the deed would be subject to the plaintiff's judgment. It is contended that this was harmful to the plaintiff because the suit was brought for the benefit of all creditors and not for the plaintiff alone, and therefore said charge was prejudicial to the plaintiff. We find no merit in this contention. There was no indication of any other creditor. Indeed, the jury found that the plaintiff was not a creditor.

4. Ground 4 complains because the court charged in effect that a voluntary conveyance which rendered the grantor insolvent was prima facie void as against creditors. We can not see how this charge could prejudice the plaintiff's cause. She did not even establish herself as a creditor.

5. The evidence, while conflicting, supported the verdict.
*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*