## BODDIE v. RIDLEY.

No. 14710. JANUARY 12, 1944.

*Wyatt & Morgan,* for plaintiff in error.

*J. R. Terrell Jr.,* and *P. T. Hipp,* contra.

JENKINS, Presiding Justice. ■ Where a purchaser of land brings a suit in equity to reform a deed so as to make it show the correct boundaries of the tract of land, which were incorrectly stated in the deed as originally drawn through fraud of the grantor and mistake of the grantee known to the grantor, the original grantee in the deed is a proper party plaintiff, and the grantor is ordinarily the proper party defendant. But "where the original vendor of the land died intestate and there was no administra-, tor or personal representative of the decedent at the time the suit was brought, a suit could be maintained against the sole heir at law of the intestate, as [she] was apparently the only party who was interested in resisting the suit." *Sweatman* v. *Dailey,* 162 *Ga.* 295 (1, 2) (133 S. E. 257). Especially would this rule be applicable as to the defendant, the widow of the deceased grantor, where, as here, the petition showed that, before his death, he had executed to such wife a deed to the disputed land, which it was alleged was fraudulent, and which the petitioner seeks to cancel as a cloud on his title. See 53 C. J. 1004, 1005, 1006, 1007, §§ 156, 158, and cit.

(*a*) The special demurrer to the petition, on the ground that it is not alleged that the deceased husband left no unpaid debts, is without merit. The petition alleges that the husband died intestate, that no administrator has been appointed on his estate, and that his widow is his sole heir at law, "and she is made a party defendant herein." Thus it appears that the suit was instituted against the widow in her individual capacity, and not in her capacity as representative of the estate (as in *Killian* v. *Banks,* 103 *Ga.* 245, 247, 29 S. E. 971, and *Johnson* v. *Champion,* 88 *Ga.* 527, 15 S. E. 15) ; and that the allegations as to her being the sole heir at law of her husband, who died intestate, were stated as mere inducement as to why she as the only party at interest was sued. She was also made party defendant as claimant of title under the deed executed to her by her husband in his lifetime. Thus the suit having been instituted against the widow in her individual capacity, the absence of allegations as to the non-existence of debts owing by the deceased husband could not in any event be an omis-

sion of which the defendant could complain. Even though it were possible to construe the suit as an action against the defendant in her representative capacity, as contended by the plaintiff in error, it has been held by this court that, in so far as a suit of this character is concerned, there is a presumption that no outstanding debts existed. *Johnson* v. *Champion,* supra; *Willis* v. *Bonner,* 136 *Ga.* 720 (71 S. E. 1048); *Tidwell* v. *Garrick,* 149 *Ga.* 290, 294 (99 S. E. 872).

(*b*) The petition was not subject to special demurrer as failing to show any valuable consideration for the original deed sought by the plaintiff grantee to be reformed, since, as alleged, the medical services rendered by the plaintiff to the deceased grantor over a period of years, afforded ample consideration for the execution of the deed as payment, and for the relief sought by the plaintiff. This being a suit not to recover medical fees from the decedent's estate, but to reform and substantiate a deed of conveyance made in settlement of such fees, the allegations with respect to this consideration for the deed were not subject to special demurrer as being too indefinite.

(*c*) The averment that it was the agreement and "understanding" that the decedent was to make the deed sought to be reformed imply an oral agreement, this part of the petition was not subject to demurrer because it was not stated whether such "understanding" was oral or in writing.

(*d*) Nor was the petition subject to special demurrer as referring to close confidential relations of physician and patient between the parties to the deed sought to be reformed, since such an averment by way of inducement or as explanation of the facts and circumstances surrounding the execution of the instrument was not impertinent; and since no question is involved as to any immunity from being forced to testify.

(*e*) It being shown by the petition that the decedent had sought, without the consent of the plaintiff grantee, to "amend" his conveyance to the plaintiff by preparing and recording a subsequent instrument seeking to limit the quantum of plaintiff's title under the original deed by restricting it to a life-estate with remainder over to plaintiff's two named sons, and plaintiff by his petition having sought to cancel such instrument, these sons of the plaintiff were properly made parties to the petition.

The pleadings having set forth a cause of action both for reformation. of the deed to the plaintiff, and for cancellation of the deed to the grantor's wife, the question under the general grounds is whether the testimony supported the allegations. No question is raised as to the right of the plaintiff to testify as to transactions with the deceased grantor. See *Hall* v. *Butler,* 148 *Ga.* 812 (2), 815 (98 S. E. 549), and cit.; *Fleeman* v. *Gay,* 152 *Ga.* 189 (108 S. E. 781), and cit.; *Tidwell* v. *Garrick, Johnson* v. *Champion,* and *Willis* v. *Bonner,* supra. The evidence of the plaintiff, taken by itself, is by no means clear. It can not be said from his own evidence that an understanding was shown between him and the deceased grantor to deed him any particular land in compensation for medical services rendered to the decedent. It does appear in a general sort of way that the grantor was to compensate him for these services, and that the deed was executed and recorded in consummation of such purpose. This. of itself would be too vague, uncertain, and indefinite to support the petition. It appears, however, that there was other testimony, admitted without objection. One witness testified that the grantor had stated to him that he owed for these medical services, and intended to deed 100 acres of land in lot 128 in the Mountville District. Another testified that after the deed had been made, the grantor stated that the 100 acres was the west half of this lot. A third witness testified that at the time the deed was made, the grantor had stated that the 100 acres conveyed was the portion of lot 128 not covered by the S. Holderness mortgage, and that the west half was such portion, according to a drawing shown by the witness to the grantor at the time of the execution of the deed, and as the grantor then understood. Construing all of this testimony together, we are unwilling to hold that the jury were not authorized to find that the allegations of the petition, setting up the agreement to convey this particular land, had not been sustained. It was further shown that the instrument as prepared by the deceased grantor and recorded by him in pursuance of such an understanding was such that its specific descriptive terms as to metes and bounds of the premises purported to be conveyed, of which the plaintiff had no accurate knowledge, did not in fact enclose or describe any particular land whatever; and that the subsequent so-called "amendment" thereto was made and recorded by the grantor without the

knowledge or consent of the plaintiff; and that the plaintiff was permitted by both the grantor and his wife, the defendant in this case, thus to settle his claim for personal services, and to go into possession of the premises here involved, and erect two houses thereon without any disclosure being made as to any prior conveyance of said premises by the husband to the wife; and that such conveyance was not recorded until long after the decedent's deed to the plaintiff. Accordingly, the jury were authorized to sustain the contention of the plaintiff as to mistake and fraud in the execution of the original deed to the plaintiff, and as to fraud with respect to the deed to the defendant wife, and to render a verdict accordingly. Therefore the general grounds of the defendant's motion for new trial are without merit; and the court did not err in decreeing the relief prayed for.

(a) Nor under the preceding rules, was the charge erroneous on the ground that there could be no mutuality of mistake or mistake by the grantee and fraud by the grantor, because the grantee was not present when the deed to him was prepared and recorded by the grantor.

(b) Nor did the court err, in the absence of a written request to charge, in failing to instruct the jury more particularly as to the law of mistake, or valuable consideration in the deed to the plaintiff, where the pleadings of both parties were fully charged, and the court instructed the jury generally as to the issues and the principles of law applicable thereto.

(c) The court did not err in failing to charge the jury as to the law respecting mental incapacity of the deceased grantor to execute the deed in question to the plaintiff, since the pleaded contention of the defendant was charged; if more particular rules of law were desired, they should have been requested in writing. Especially is there no merit in this ground, since under all the evidence, including the defendant's own testimony, mental capacity of the decedent at the time of the execution of the deed plainly appeared.

(d) The defendant excepts to the failure to charge, without written request, that one of the necessary requirements of a deed, and before a deed can be reformed, is a sufficient description of the property, on the ground that the evidence showed that "the property attempted to be conveyed was in an indescribable shape," and

"the jury had a right to consider the question as to whether there was a deed sufficient in the matter of description to authorize them to reform the deed." There is no merit in this ground, since instructions such as contended would have been neither an accurate statement of legal rules nor of the issues raised by the pleadings, under which the plaintiff contended that by mistake and fraud the description contained in the deed was insufficient, and prayed that the deed be reformed so as to contain a correct and sufficient description, conforming to the previous understanding.

(e) The remaining grounds, relating to the admission of evidence, show no ground for a reversal. One of these complains of the admission of testimony by the plaintiff grantee as to his going into possession under his deed, but does not show what the plaintiff testified or how this was prejudicial to the defendant. Nor is there merit in the exception to the plaintiff's testimony that he did not "accept" a "paper" from any one, as a conclusion of the witness, since the ground does not show what "paper" was referred to, nor how such testimony could have been prejudicial, and if the "paper" was the deed sought to be reformed, or the "amendment" to such deed sought to be canceled, the witness subsequently testified without exception as to what he did with reference to both instruments. Nor is there merit in the exception to testimony by an attorney who was present when the grantor prepared the deed sought to be reformed, as to the grantor's purpose to convey to the plaintiff land not covered by a previous mortgage to a third person, on the ground that the mortgage itself was higher and better evidence, since the mortgage was admitted in evidence without objection, and it is not contended that its terms were in conflict with this oral testimony. Nor is there merit in the exception to the admission of a plat or drawing made by the attorney to illustrate his testimony, on the ground that he knew nothing as to the lines, and that his plat was not identified as correct, since the witness himself testified that it was made from the county map and the records, and that the grantor had a like drawing made by the witness when the deed in question was prepared.

*Judgment affirmed. All the Justices concur, except Wyatt, J., disqualified.*