33379. REDD *v.* UNITED STATES CASUALTY COMPANY *et al.*

MacINTYRE, P. J. 1. "In order for an injury to be compensable under the terms of the Workmen's Compensation Act, it must have been occasioned 'by accident arising out of and in the course of the employment.' Code, § 114-102. An accident arises in the course of the employment, within the meaning of the act, 'when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises "out of" the employment when it arises because of it, as when the employment is a contributing, proximate cause. This and the conditions stated above must concur before the act can apply.' *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (2, a) (118 S. E. 786); *Keen* v. *New Amsterdam Casualty Co.,* 34 *Ga. App.* 257 (129 S. E. 174); *Bibb Mfg. Co.* v. *Alford,* 51 *Ga. App.* 237 (179 S. E. 912)." *Employers Liability Assurance Corp.* v. *Woodward,* 53 *Ga. App.* 778 (187 S. E. 142).

2. Upon an appeal to the superior court from any final award or any other final decision of the State Board of Workmen's Compensation, the findings of fact made by the board within its power are, in the absence of fraud, conclusive and binding upon all the courts. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 812 (129 S. E. 75); *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909, 915 (122 S. E. 881); *Employers Liability Assurance Corp.* v. *Woodward,* supra. The evidence was in sharp conflict upon the question of whether the claimant had suffered a heart attack (myocardial infarction) during the course of his employment which was occasioned by his performing one of his duties (carrying boxes of supplies from one floor to another in the building in which he worked). The claimant's was the only testimony that he had suffered the heart attack while carrying the supplies up the stairs. Many of the details of his account of the occasion in question were categorically denied. The single director was authorized to discredit the claimant's account of the cause of the heart attack and this court is unable to say as a matter of law that the single director erred in finding that the claimant's illness did not arise out of and in the course of his employment.

The superior court did not err in affirming the judgment of the State Board of Workmen's Compensation which affirmed the award of its single director denying compensation.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED MAY 11, 1951.

*William A. Thomas,* for plaintiff.

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* for defendants.