33706.   HARTFORD ACCIDENT & INDEMNITY CO. *et al.*
*v.* BRASWELL.

DECIDED JANUARY 23, 1952—REHEARING DENIED FEBRUARY 28, 1952.

*T. Elton Drake, John M. Williams*, for plaintiff in error.

*Irwin & Dyer*, contra.

WORRILL, J. (After stating the foregoing facts.) "An award made upon review by all of the directors of the State Board of Workmen's Compensation under Code § 114-708, affirming a previous award by one director upon issues of fact is conclusive as to those issues if there is any evidence to sustain it." *General Accident, Fire & Life Assurance Corp.* v. *Rhodes*, 83 *Ga. App.* 837 (65 S. E. 2d, 254). "On appeal to the superior court, such award stands on the same footing as the verdict of a jury which is supported by some evidence and which has been approved by the trial judge." *Bituminous Casualty Corp.* v. *Jackson*, 68 *Ga. App.* 447, 448 (23 S. E. 2d, 191). The evidence was sufficient to authorize the findings of fact and award of the single director. It is well settled that findings of fact by the State Board of Work-

men's Compensation, if supported by any competent evidence, are conclusive in the absence of fraud, and will not be set aside by the reviewing court. Code, § 114-710; *Redd* v. *United States Casualty Co.*, 83 *Ga. App.* 838 (65 S. E. 2d, 255); *Harper* v. *National Traffic Guard Co.*, 73 *Ga. App.* 385 (36 S. E. 2d, 842); *Bituminous Casualty Corp.* v. *Jackson*, supra; *General Accident, Fire & Life Assurance Corp.* v. *Rhodes*, supra. It follows that the full board and the Superior Court of Fulton County did not err in affirming the original award.

Counsel for the plaintiffs in error ask the question whether the action here is properly one solely to collect an amount of temporary total compensation due George O. Braswell or for benefits due Mrs. Braswell, his widow, or one to collect any and all amounts by anyone whomsoever. Having asked the question, counsel then argue that what was due the deceased, if anything, was *compensation*, and that a widow can collect only benefits. Hence, it is asserted, the award to Mrs. Braswell of $24 per week as compensation from October 17, 1949, seven days after the date of the husband's injury, through December 20, 1950, the date of his death, was unauthorized in law. The proceeding was, as announced by the board in setting the first hearing, "to determine liability, compensation and dependency." Mrs. Braswell was the lawful widow of George O. Braswell, the original claimant, and his sole dependent. While the nature of any amount payable to the husband in his lifetime would have been compensation, yet if it had not been paid to him, although awarded before his death, and thereafter his administrator had sought to collect the amount of the award, the nature of the payment to be made the administrator under the award would have been immaterial. The widow here, being the sole survivor of her husband, would have the right to take charge of his estate if there were no unpaid debts against the estate. Code, § 113-903 (1); *Johnson* v. *Champion*, 88 *Ga.* 527 (15 S. E. 15); *Killian* v. *Banks*, 103 *Ga.* 245 (29 S. E. 971); *Phillips* v. *Phillips*, 163 *Ga.* 899 (7) (137 S. E. 561). No issue is raised as to any unpaid debts. Paraphrasing the language of Justice Gilbert in *Jackson* v. *Butts*, 148 *Ga.* 312, 316 (96 S. E. 630), it would be a needless circuity of action to require the wife to go into the court of ordinary and have herself appointed administratrix in

order to recover the amount which had been awarded in his lifetime to her deceased husband as compensation when the statute authorizes her to take charge of the estate under the circumstances mentioned. Moreover, in *Columbia Casualty Co. v. Whiten,* 51 *Ga. App.* 42 (1b) (179 S. E. 630), it was held: "Three hundred weeks *from the date of the injury* is the limited period in which dependents may recover under the workmen's compensation law of this State. Code of 1933, § 114-413. However, this does not mean they may not recover an unpaid or uncollected award due the employee in his lifetime." This ruling, of course, has reference to the collection by dependents of an actual award to the employee, unpaid or uncollected in his lifetime, whereas in the present case no award had been made in the unfinished condition of the proceedings prior to the death of the employee, but it will be noted that collection of the amount was not barred merely because it was *compensation* which was due the employee. Accordingly, it would seem on principle, and we so hold, that where, as here, the widow may properly be allowed to continue the prosecution of the claim originally filed by her husband, and it is shown by the evidence and the law (Code, § 114-404) that on December 20, 1950, the day of his death, he was entitled to compensation of $24 per week for temporary total disability from October 17, 1949, she is entitled to receive payment for such an award as representative of his estate. She is also entitled to receive individually as benefits under the Code, § 114-413, 85 percent of the above named $24, or $20.40, per week for 300 weeks less the number of weeks for which payment of $24 per week is made, that is, from October 17, 1949, through December 20, 1950. The fact that she acts in the capacity of the personal representative of the estate in collecting the compensation and for herself individually in collecting the benefits due under the Code, § 114-413, is no bar to any part of the action, since strictness of pleading and procedure is not required before the Workmen's Compensation Board.

It is also contended by counsel for the plaintiffs in error that the testimony of certain witnesses on a hearing in the lifetime of the employee should have been excluded. The lack of merit in this objection immediately becomes apparent when it is considered that the hearing after the death of the employee was

only a continuation of the action instituted by the employee in his lifetime, and in which hearing the widow sought to collect the amount which would have been due the employee as compensation through December 20, 1950, and also benefits to herself as hereinbefore shown.

For the same reasons it was proper to consider the deposition of the employee which was taken by agreement in his lifetime and during the pendency of his claim.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. Section 114-101 of the Code defining "employee" as used in the Act, states in part: "Any reference to an employee who has been injured *shall, when the employee is dead, include also his legal representatives,* dependents and other persons to whom compensation may be payable, pursuant to the provisions of this law." (Emphasis supplied). *Johnson* v. *Champion,* supra, and *Boddie* v. *Ridley,* 197 *Ga.* 221, 223 (1a) (28 S. E. 2d, 773), hold that in cases where a person seeks to represent an estate by virtue of Code § 113-903 (1), there is a presumption that no outstanding debts existed. For these reasons I concur in the judgment.